733 P.2d 368

Jason **BISHOP**, Plaintiff-Appellant,

Denise **Johnston**, and Robert L.
**Bishop**, Jr., Plaintiffs,

v.

**LLOYD McKEE MOTORS, INC.,**
Defendant-Appellee.

No. 8508.

Court of Appeals of New Mexico.

Jan. 27, 1987.

Gregory D. Griego, Roehl & Henkel,
P.C., Albuquerque, for plaintiff-appellant.

Lydia A. Mangold, Dubois, Caffrey &
Cooksey, P.A., Albuquerque, for defendant-appellee.

## OPINION

DONNELLY, Chief Judge.

Plaintiff, Jason Bishop, appeals from an order dismissing his action against defendant Lloyd McKee Motors, Inc., arising out of the purchase of an automobile. On appeal, plaintiff asserts: (1) claim of error in dismissing plaintiff's cause of action; and (2) the trial court erred in denying his requested stay of proceedings under the Soldiers' and Sailors' Civil Relief Act. We reverse and remand.

Plaintiff, together with his wife and father, then residents of Bernalillo County, New Mexico, brought suit in district court seeking to recover damages for alleged breach of warranty, tortious misconduct, and violation of statute involving an automobile purchase. Plaintiff and his wife were purchasers of the vehicle and his father was a co-signer for the financing. The order of dismissal pertained only to plaintiffs Jason Bishop and Denise Johnston. Plaintiff's wife has not appealed the order.

Defendant sought to depose plaintiff and his wife and sent a notice that it would take their depositions on October 12, 1984. Plaintiffs filed a motion for a protective order alleging plaintiffs' counsel would be outside the United States and that plaintiffs would make themselves available for the taking of the depositions at a later date. Thereafter, defendant agreed to reschedule plaintiffs' deposition for November 16, 1984. Following receipt of this notice, plaintiff and his wife filed a second motion for protective order on November 9, 1984, alleging that they were now residing in Florida, that they were no longer residents of New Mexico, and that they anticipated returning to New Mexico "some time within the next 180 days." The plaintiff Robert L. Bishop, Jr., has remained in New Mexico at all pertinent times.

After a hearing on the motion for protective order, the trial court ordered that the

depositions set for November 16, 1984, be vacated and that plaintiff and his wife make themselves available for the taking of their depositions by defendant in Albuquerque "within six (6) weeks of the date of the hearing."

Defendant again sent notice of taking plaintiffs' deposition scheduled for December 28, 1984, the last day of the six-week period set by the court. Plaintiffs failed to appear at the time and place fixed for the deposition. Following plaintiffs' nonappearance, defendant filed a motion to dismiss plaintiffs' complaint.

On December 26, 1984, two days before the deadline set by the court order for plaintiff and his wife to appear for deposition, plaintiff, through his attorney, filed a motion to stay proceedings under the Soldiers' and Sailors' Civil Relief Act, reciting that the plaintiff Jason Bishop was a member of the United States Armed Forces.

A hearing was held on January 28, 1985, on plaintiffs' motion to stay proceedings and on defendant's motion to dismiss. The trial court denied plaintiffs' motion to stay the proceedings and granted defendant's motion to dismiss plaintiffs' complaint with prejudice based upon their failure to comply with the discovery order of the court.

Thereafter, on February 4, 1985, plaintiffs moved for reconsideration of the trial court's order of dismissal and attached an affidavit signed by Jason Bishop, pursuant to the Soldiers' and Sailors' Civil Relief Act, reciting that he was in the Navy and stationed in Florida, that his training and orders would not permit him to leave his post, and that "leave [was] unavailable until completion of training" in May 1985. Plaintiffs' counsel stated that the attached affidavit was not received until the day following the court hearing on the motion for stay and defendant's motion to dismiss. Plaintiffs' motion for reconsideration was denied.

### NONCOMPLIANCE WITH DISCOVERY ORDER

Plaintiff contends that the trial court erred in dismissing his claim against defendant absent a finding that his noncompliance with the discovery deadline was willful. The trial court's order of dismissal contained two findings:

1. Plaintiffs * * * were ordered to make themselves available for deposition within the City of Albuquerque * * * within six (6) weeks from the date of the Court's order entered on November 15, 1984.

2. Plaintiffs, Jason Bishop and Denise Johnston, failed to comply with this Court's order[.]

NMSA 1978, Civ.P. Rule 37(B)(2)(c) (Repl. Pamp.1980), authorizes a court, where it finds that a party has failed to comply with an order directing discovery, to impose appropriate sanctions including, "dismissing the action or proceeding or any part thereof * * *." In *Sandoval v. United Nuclear Corp.*, 105 N.M. 105, 729 P.2d 503 (Ct.App. 1986), this court held that a specific finding of willful noncompliance is a prerequisite to the application of the dismissal sanction under Civ.P. Rule 37(D), and that absent a finding of willful noncompliance, bad faith, or fault in failing to comply with discovery, dismissing a party's rights is not proper. The same rule is applicable in the present case. *See also* Annots., 4 A.L.R.2d 348, 370 (1949); 56 A.L.R.3d 1109 (1974).

■ Under Civ.P. Rule 37(B)(2), a prerequisite to applying extreme discovery sanctions (such as entry of default or dismissal of a case), without a hearing on the merits, is a finding by the trial court that plaintiff's failure to comply involves a conscious or intentional failure, as distinguished from an accidental or involuntary noncompliance. *See Sandoval v. United Nuclear Corp.; see also United Nuclear Corp. v. General Atomic Co.*, 96 N.M. 155, 629 P.2d 231 (1980).

As noted in 8 C. Wright and A. Miller, *Federal Practice and Procedure*, Section 2284 at 766 (1970):

Any failure to disclose, regardless of the reason for it, brings the sanctions of Rule 37 into play, but the reason for the failure is an important consideration in determining what sanction to impose. If

the failure is because of inability to comply, rather than because of willfulness, bad faith, or any fault of the party, the action may not be dismissed * * *.

Here, there was no finding of willful noncompliance. Accordingly, the order dismissing plaintiff Jason Bishop's complaint must be reversed.

## DENIAL OF STAY

 The granting of an application by a court for a stay of proceedings against an individual in the military service is not a matter of absolute right but resides in the sound discretion of the trial judge. *Norris v. Superior Court of Mohave County,* 14 Ariz.App. 183, 481 P.2d 553 (1971); *see also Jaramillo v. Sandoval,* 78 N.M. 332, 431 P.2d 65 (1967). "[T]he movant, in order to invoke the protection of the Act, must make a showing of his actual unavailability and that his rights would be adversely affected because of his absence from the trial." *Norris,* 14 Ariz.App. at 185, 481 P.2d at 555. The trial court's ruling granting or denying a stay under the Soldiers' and Sailors' Civil Relief Act will not be set aside on appeal in the absence of a showing of an abuse of the trial court's discretion. *Trujillo v. Wilson,* 117 Colo. 430, 189 P.2d 147 (1948) (en banc); *see also Jaramillo v. Sandoval; Stalcup v. Ruzic,* 51 N.M. 377, 185 P.2d 298 (1947).

In view of our ruling that the cause must be remanded, and because the trial judge who originally entered the order of dismissal is no longer a judge, on remand, the court should consider the reasons for plaintiff's noncompliance with the discovery order, including a determination as to whether plaintiff was prevented by reason of his military service from complying with the order of discovery. Because plaintiff's motion for a stay of proceedings under the Soldiers' and Sailors' Civil Relief Act and the issues concerning noncompliance with discovery appear to be interrelated, we therefore remand this cause for rehearing on plaintiff's motion for stay and defendant's motion to dismiss for adoption of findings, and for entry of such further order as is consistent with the evidence and the

opinion herein. The order of dismissal as it applies to the nonappealing plaintiff, Denise Johnston, is affirmed. *See Watkins v. Local School Board of Los Alamos Schools,* 88 N.M. 276, 540 P.2d 206 (1975).

IT IS SO ORDERED.

BIVINS and GARCIA, JJ., concur.