771 P.2d 192

**Ella J. LOPEZ, Plaintiff–Appellant,**

v.

**WAL–MART STORES, INC.,
Defendant–Appellee.**

**No. 10153.**

Court of Appeals of New Mexico.

Feb. 28, 1989.

Dennis Luchetti, Espanola, for plaintiff-appellant.

Sarah Curry Smith, Joe A. Sturges, Sager, Curran, Sturges & Tepper, P.C., Albuquerque, for defendant-appellee.

## OPINION

APODACA, Judge.

Plaintiff appeals from the trial court's denial of two motions made pursuant to SCRA 1986, 1–060(B), in which she sought to reopen the trial court's judgment dismissing her complaint with prejudice. Because we conclude that the trial court erred in finding willful failure to comply with discovery, we reverse and remand for trial on the merits.

Plaintiff filed a complaint on July 31, 1986 for personal injuries sustained when she slipped and fell at defendant's store. On February 23, 1987, the trial court entered an order compelling plaintiff to provide discovery. On April 14, 1987, another order was entered compelling discovery by April 24. Two days later, on April 16, plaintiff's attorney moved to withdraw as counsel. An order permitting withdrawal was signed by the trial court on May 19. The record reflects nothing more until entry of an order of June 9, 1987, dismissing plaintiff's complaint with prejudice for failure to comply with the February 23 order. Plaintiff's present counsel entered his appearance two days after the dismissal with prejudice.

On June 17, 1987, plaintiff's new counsel filed a motion for reconsideration or, in the alternative, relief under Rule 1–060(B). The motion was denied on July 8. A similar motion was filed on July 23 and denied on August 13, 1987. Plaintiff appeals denial of these motions.

Plaintiff lists three issues on appeal:

1. The plaintiff's omissions in complying with the court's discovery orders were not willful or deliberate and were due to an inability to comply.

2. The court's failure to reinstate and consider a lesser sanction than dismissal with prejudice was mere punishment resulting in a denial to plaintiff of due process of law.

3. The court abused its discretion in failing to grant plaintiff relief from the dismissal with prejudice pursuant to Rule 1–060(B).

Defendant argues that, because plaintiff is appealing from the denial of her Rule 1–060(B) motions and not from the order of dismissal, the first two issues are not properly before us. We determine, however, that propriety of the dismissal is integrally related to the question of whether the trial court abused its discretion in refusing to reopen the judgment. For this reason, we cannot avoid considering plaintiff's first issue. We refine this issue as follows: whether there was evidence to support the trial court's finding that plaintiff willfully failed to comply with the discovery order. We conclude that the evidence in the record fails to support this finding; we thus need not address the due process issue.

Although we recognize that our standard of review is whether the trial court abused its discretion in imposing sanctions for failure to obey a discovery order, *Pittard v. Four Seasons Motor Inn, Inc.*, 101 N.M. 723, 688 P.2d 333 (Ct.App.1984), as well as when the trial court grants or denies a Rule 1–060(B) motion, *United Salt Corp. v. McKee*, 96 N.M. 65, 628 P.2d 310 (1981), the discretion we speak of is fact-based. This requires us to look at the facts relied on by the trial court as a basis for the exercise of its discretion, to determine if these facts are supported by substantial evidence. *See Thornfield v. First State Bank of Rio Rancho*, 103 N.M. 229, 704 P.2d 1105 (Ct. App.1983). "Where the judgment involves the sanctions provided by Rule 37(b)(2)(iii), 'an appellate court's review should be particularly scrupulous lest the district court too lightly resort to this extreme sanction, amounting to judgment against [a party] without an opportunity to be heard on the merits.'" *United Nuclear Corp. v. General Atomic Co.*, 96 N.M. 155, 203, 629 P.2d 231, 279 (1980), *appeal dismissed, cert. denied*, 451 U.S. 901, 101 S.Ct. 1966, 68 L.Ed.2d 289 (1981), (quoting *Emerick v. Fenick Indus., Inc.*, 539 F.2d 1379, 1381 (5th Cir.1976)). An abuse of discretion may be found only where the judge has acted arbitrarily or unreasonably under the par-

ticular circumstances. *United Salt Corp. v. McKee.* Thus, if the facts essential to the trial court's judgment are not established by substantial evidence in the record, we will necessarily find an abuse of discretion. *Cf. Thornfield v. First State Bank of Rio Rancho.* We may reverse the judgment below if, after considering the full record, we have a " 'definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.' " *United Nuclear Corp. v. General Atomic Co.,* 96 N.M. at 203, 629 P.2d at 279 (quoting *Wilson v. Volkswagen of Am., Inc.,* 561 F.2d 494, 506 (4th Cir.1977)). Having enunciated the standard of review, we now apply it to the facts of this appeal.

Whether Evidence Supports the Trial Court's Finding that Plaintiff Willfully Failed to Comply with the Discovery Order

■ The severest of sanctions should be imposed only in extreme circumstances, *United Nuclear Corp. v. General Atomic Co.,* 96 N.M. at 239, 629 P.2d at 315, and only upon a clear showing of willfulness or bad faith. *Id.* at 241, 629 P.2d at 317. Specific findings are prerequisites for imposition of discovery sanctions. *Sandoval v. United Nuclear Corp.,* 105 N.M. 105, 729 P.2d 503 (Ct.App.1986). The trial court must find that a party's failure to comply is willful, in bad faith, or due to his own fault. *See id.* *See also Bishop v. Lloyd McKee Motors, Inc.,* 105 N.M. 399, 733 P.2d 368 (Ct.App.1987) (order dismissing complaint reversed because trial court did not make finding of willful noncompliance). Although wrongful intent is not required, willful failure implies conscious or intentional failure, as distinguished from accidental or involuntary noncompliance. *United Nuclear Corp. v. General Atomic Co.,* 96 N.M. at 202, 629 P.2d at 278. A finding of willfulness may be based upon either a willful, intentional, and bad faith attempt to conceal evidence or gross indifference to discovery obligations. *Id.* at 238, 629 P.2d at 314.

Here, the order of dismissal stated that "[p]laintiff has willfully failed to comply with this Court's Discovery Order entered February 23, 1987." That earlier order applied only to medical and tax records. Plaintiff was ordered to produce all tax records or, in the alternative, provide defendant with an authorization to obtain tax records from the Internal Revenue Service (IRS). Defendant conceded at oral argument that the later discovery order, entered April 14, was not the basis for the eventual dismissal. It follows that the dismissal was based entirely on a failure to provide medical and tax records.

Even assuming that tax returns or IRS forms were essential items of discovery, defendant admitted at oral argument that IRS forms, as well as all medical records, had been provided to defendant before the order of dismissal was entered. However, defendant did not advise the trial court of this fact and no hearing was held on defendant's motion to dismiss, so at the time the order to dismiss was entered, the trial court was under the mistaken belief that plaintiff had not complied with the February 23 order.

■ We recognize that "[w]hen a party has displayed a willful, bad faith approach to discovery, it is not only proper, but imperative, that severe sanctions be imposed to preserve the integrity of the judicial process and the due process rights of the other litigants." *United Nuclear Corp. v. General Atomic Co.,* 96 N.M. at 241, 629 P.2d at 317. To the extent that the noncompliance criteria is met, we thus encourage trial courts to impose sanctions. At the same time, we caution courts that, before entering an order imposing strict sanctions such as dismissal, the court should assure itself that there has indeed been a failure to comply. This is particularly important when a hearing has not been held.

■ Because plaintiff had supplied the required discovery before her complaint was dismissed, we hold that the evidence in the record before us does not support the finding that plaintiff willfully failed to comply with the February 23 order compelling discovery. *See Sandoval v. United Nuclear Corp.* Although the trial court could

have imposed a lesser sanction for negligence on the part of plaintiff's former trial counsel, based on evidence of tardiness in supplying certain items, it did not do so, choosing instead to dismiss the complaint. Since willful noncompliance or bad faith are prerequisites to dismissal for failure to comply with a discovery order, *United Nuclear Corp. v. General Atomic Co.*, and such was nonexistent here, we necessarily hold that the trial court abused its discretion in dismissing plaintiff's complaint with prejudice under the facts of this case. *Cf. id.* (choice of extreme sanction not abuse of discretion where party demonstrates flagrant bad faith and callous disregard of responsibilities).

### Whether the Trial Court Erred in Denying Plaintiff's Rule 1–060(B) Motions

Setting aside a judgment under Rule 1–060(B) is discretionary with the trial court, and appellate courts will review only for an abuse of discretion. *United Salt Corp. v. McKee.* Although defendant argues that plaintiff was required to specify under which subsection of Rule 1–060(B) she sought relief, our supreme court has not required such specificity if grounds for relief exist under some subsection of the rule. *Phelps Dodge Corp. v. Guerra,* 92 N.M. 47, 582 P.2d 819 (1978) (manner in which relief is requested and nomenclature used is not significant; where facts clearly brought party's claim within Rule 60(b)(5), party's failure to specifically plead that rule did not warrant refusing relief); *see also Rodriguez v. Conant,* 105 N.M. 746, 737 P.2d 527 (1987) (district court should be liberal in determining good excuse for reopening under Rule 1–060(B)).

"Rule 60(b)(6) provides a reservoir of equitable power to do justice in a given case, but it is limited to instances where there is a showing of exceptional circumstances." *Perez v. Perez,* 75 N.M. 656, 661, 409 P.2d 804, 807 (1966). The phrase "exceptional circumstances" means facts or things out of the ordinary standing around or about some central fact. *Dyer v. Pacheco,* 98 N.M. 670, 651 P.2d 1314 (Ct.App.1982). In determining whether exceptional circumstances exist,

the district court must be satisfied that facts or questions of law involved, or both, make it a part of wisdom to set aside the default judgment * * *.

Any doubts about whether relief should be granted are resolved in favor of the defaulting defendant because default judgments are not favored in the law[.]

*Id.* at 673, 651 P.2d at 1317. We consider this criteria equally applicable to dismissal of a complaint with prejudice.

■ At the time the dismissal order was entered in this case, plaintiff had already furnished the required discovery, although the trial court was unaware of it. Additionally, when dismissal was entered, plaintiff was not represented by counsel. We believe these facts constitute exceptional circumstances sufficient to permit reopening the judgment under Rule 1–060(B)(6).

Generally, causes should be tried on their merits; depriving parties of their day in court is a penalty that should be avoided in the absence of impeding administration or perpetrating injustice. *Springer Corp. v. Herrera,* 85 N.M. 201, 510 P.2d 1072 (1973). Dismissal is a sanction of last resort to be used only in extreme circumstances. *United Nuclear Corp. v. General Atomic Co.*

We hold that where, at the time of dismissal, plaintiff was temporarily without counsel and had complied with the discovery order, the trial court abused its discretion in refusing to reopen the judgment dismissing plaintiff's complaint.

The trial court's order denying relief under Rule 1–060(B) is reversed and the cause is remanded with instructions to reinstate the case on the docket and proceed to trial on the merits. Defendant's motion to strike portions of plaintiff's reply brief is denied. Plaintiff is awarded costs on appeal.

IT IS SO ORDERED.

BIVINS, C.J., and DONNELLY, J., concur.