This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ROBERT ORTEGA and JUDITH DURAN-ORTEGA, Individually and as Parents and Next Friend of J.D.-O., a Minor, R.O., a Minor, L.O., a Minor, J.O., a Minor, and Y.O., a Minor,**

Plaintiffs-Appellants,

v.                                                                No. 35,164

**GARY GOLD, former Chief of Police of the Las Vegas Police Department, a subsidiary of the City of Las Vegas, Individually, MACK ALLINGHAM, an Officer with the Las Vegas Police Department, a subsidiary of the City of Las Vegas, Individually, MARTIN X. SALAZAR, an Officer with the Las Vegas Police Department, a subsidiary of the City of Las Vegas, Individually, ERIC PADILLA, an Agent of the Region IV Narcotics Task Force, and an agent/employee of the Las Vegas Police Department, a subsidiary of the City of Las Vegas, Individually, CITY OF LAS VEGAS, a Municipal Entity Organized Under the Laws of the State of New Mexico, which operates the Las Vegas Police Department,**

Defendants-Appellees,

and

**MELISSA "MISSY" MARTINEZ,**

a citizen of the State of New Mexico acting in concert with and under the direction of Defendant Gary Gold, **EUGENE ROMERO, a citizen of the State of New Mexico acting in concert with and under the direction of Defendant Gary Gold, LUCILLE ROMERO, a citizen of the State of New Mexico acting in concert with and under the direction of Defendant Gary Gold,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Abigail Aragon, District Judge**

Alan Maestas Law Office, P.C.
Kathryn J. Hardy
Alan H. Maestas
Taos, NM

for Appellants

Ortiz & Zamora, Attorneys at Law, LLC
Tony F. Ortiz
Santa Fe, NM

for Appellees

## MEMORANDUM OPINION

**VIGIL, Judge.**

{1}     Plaintiffs Robert Ortega and Judith Duran-Ortega, in their individual capacities and as parents and next of kin to their five minor children, appeal from the district court's order denying their motion to set aside the dismissal of their civil rights complaint against Defendants Gary Gold, Mack Allingham, Martin X. Salazar, Eric

Padilla, the City of Las Vegas (the City) (collectively, City Defendants), and Defendants Melissa "Missy" Martinez, Eugene Romero, and Lucille Romero, as a sanction for discovery violations under Rule 1-037(D) NMRA. We conclude that the district court abused its discretion in granting the severe sanction of dismissal and reverse.

**BACKGROUND**

{2} Plaintiffs filed their complaint and jury demand on May 29, 2012. When they failed to serve any of the defendants or otherwise advance the matter for close to two years, it was dismissed for lack of prosecution on April 9, 2014. Plaintiffs then filed a timely motion for reinstatement, which was granted on May 19, 2014.

{3} Over the next nine months, City Defendants, with the exception of Melissa Martinez, Eugene Romero, and Lucille Romero, unsuccessfully pursued removal of the action to federal district court. City Defendants ultimately withdrew their removal petition, and the matter was remanded to state court on February 17, 2015.

{3} The next action in this case was the filing on June 1, 2015, of the City's motion to compel discovery and for sanctions "[d]irected to Plaintiff Robert Ortega[.]" In its motion, the City alleged that it served Plaintiff Robert Ortega with written interrogatories and requests for production of documents on March 13, 2015; that it received untimely and inadequate, incomplete, or nonresponsive answers to

3

interrogatories; and that it never received a response to its requests for production of documents. As such, the City requested, that pursuant to Rule 1-037(D), Plaintiff Robert Ortega's claims be dismissed with prejudice and further that he be ordered to pay the City's reasonable expenses and attorney fees. When Plaintiff Robert Ortega failed to file a response to the motion, the City filed a notice of completion of briefing on June 24, 2015.

{4}     Without holding a hearing, the district court granted the motion on July 6, 2015. The order stated that "Plaintiff to this action [had] not responded to any inquiries related to this matter and that this matter [had] already [been] dismissed once previously for lack of prosecution" by a prior judge. It concluded that "the case [was] . . . dismissed with prejudice as to all City Defendants."

{5}     Plaintiffs filed a motion to set aside the order of dismissal on the same day. The motion stated that Plaintiffs' counsel had been under the mistaken belief that the City's motion did not ask for dismissal but rather sought to compel the production of discovery responses by July 10, 2015. Plaintiffs' counsel stated that she was "working diligently and [would] meet that deadline" and further asked that any sanctions be levied against her rather than her clients. City Defendants filed a response, in which they argued that the district court had the authority "to dismiss the case with prejudice as a remedy for failure to respond to the [m]otion to [c]ompel, particularly considering

4

the case's previous dismissal without prejudice for failure to prosecute[.]" City Defendants further pointed out that they made clear to Plaintiffs that dismissal would be requested prior to filing the motion to compel in a letter dated May 18, 2015, and that they had never agreed to any discovery extensions, until July 10, 2015 or otherwise. Lastly, City Defendants asserted that setting aside the dismissal would be "substantially prejudicial" to them as "the claims [had become] stale, witnesses [had become] harder to obtain, [and] discovery [was] more difficult[.]"

{6}     The district court held a hearing on Plaintiffs' motion to set aside the order of dismissal on September 22, 2015. During the hearing, Plaintiffs' counsel asserted that she had in her possession the responses to the City's requests for production of documents, and that the delay in their production was caused by the fact that her office transitioned to a new server, in the process of which calendaring data was lost. Plaintiffs' counsel further argued that the latter did not constitute intentional deception or bad faith necessary to warrant a dismissal of the action and that City Defendants' assertions of prejudice were unsubstantiated. In response, City Defendants' counsel acknowledged that this case did not involve bad faith on Plaintiffs' part, but nevertheless argued that dismissal was proper "for failure to prosecute." City Defendants' counsel further asserted that witnesses had either disappeared or their

5

memories had faded, but offered no specifics beyond stating that evidence "may have [been] lost."

{7} After taking the matter under advisement, the district court entered an order denying Plaintiffs' motion to set aside the dismissal on September 28, 2015. In the order, the district court held that Plaintiffs failed to respond to discovery requests, failed to respond to the May 18, 2015 letter from the City's counsel, and failed to respond to the City's motion to compel. The district court concluded that "[t]he only significant action taken by the Plaintiffs in this matter was the [motion to set aside the order on the motion to compel,]" and that "Plaintiffs failed to demonstrate excusable neglect" for their failure to provide discovery as requested. This appeal followed.

**DISCUSSION**

**1. Standard of Review**

{8} The applicable standard of review on appeal depends on the nature of Plaintiffs' motion to set aside the district court's order granting the City's motion to compel discovery and for sanctions, including dismissal with prejudice. If Plaintiffs' motion is construed as a motion for relief from a final judgment pursuant to Rule 1-060(B)(6) NMRA, then the only issue before us is whether the district court erred in holding that Plaintiffs failed to show excusable neglect. *See* Rule 1-060(B)(1) (stating that "the court may relieve a party . . . from a final judgment . . . for the following reasons: . .

. mistake, inadvertence, surprise, or excusable neglect"); *see also Marquez v. Larrabee*, 2016-NMCA-087, ¶ 9, 382 P.3d 968 (holding that an appeal from the district court's denial of a Rule 1-060 motion to set aside a default judgment entered as a discovery sanction precluded review of the merits of the discovery sanction itself). If, on the other hand, the motion is construed as a motion to reconsider a final judgment pursuant to Rule 1-059(E) NMRA, then we may reach the merits of the district court's dismissal with prejudice as a sanction for discovery violations. *See In re Estate of Keeney*, 1995-NMCA-102, ¶ 11, 14, 121 N.M. 58, 908 P.2d 751 (holding that an appeal from the denial of a motion to reconsider pursuant to Rule 1-059(E) permits de novo review of the merits of the underlying final judgment).

**{9}** Plaintiffs' motion did not specify the rule or statutory authority upon which it was based, and neither party addresses this issue on appeal. Rather, both parties' arguments on appeal presume that we may reach the merits of the discovery sanction below. Because Plaintiffs' motion was filed on the same day as the order granting the sanction of dismissal, we conclude that the parties' presumption is correct and construe the motion as one for reconsideration pursuant to Rule 1-059(E). *See id.* ("A motion to alter, amend, or reconsider a final judgment shall be filed not later than thirty (30) days after entry of the judgment."); *see also Albuquerque Redi-Mix, Inc. v. Scottsdale Ins. Co.*, 2007-NMSC-051, ¶ 10, 142 N.M. 527, 168 P.3d 99 (holding

7

that "a motion challenging a judgment, filed within ten days of the judgment, should be considered a Rule 1-059(E) motion"); *Keeney*, 1995-NMCA-102, ¶ 11 (treating a motion to reconsider filed within ten days of an order granting summary judgment as a motion under Rule 1-059(E)).

{10} Under Rule 1-037(D)(2) and (3), the district court may impose sanctions upon a party for failure to answer interrogatories or to respond to requests for production of documents without first issuing an order compelling the production of such discovery. "The type of sanctions available to the district court are authorized by Rule 1-037(B)(2). Dismissal is among the sanctions available." *Reed v. Furr's Supermarkets, Inc.*, 2000-NMCA-091, ¶ 7, 129 N.M. 639, 11 P.3d 603.

{11} The applicable standard of review is abuse of discretion. *See id.* ¶ 10. Nevertheless, given the severity of the sanction of dismissal, "[a]n appellate court's review should be particularly scrupulous lest the district court too lightly resort to this extreme sanction." *Sandoval v. Martinez*, 1989-NMCA-042, ¶ 13, 109 N.M. 5, 780 P.2d 1152 (internal quotation marks and citation omitted); *see also Lewis v. Samson*, 2001-NMSC-035, ¶ 13, 131 N.M. 317, 35 P.3d 972 (stating that New Mexico courts scrutinize the severe sanction of dismissal under Rule 1-037 "more closely").

**2. Analysis**

{12}     Our Supreme Court has held that, even where a party violates a court order—conduct which, in addition to a discovery violation, constitutes contempt of court—"such discovery sanctions[, *i.e.*, dismissal with prejudice or default judgment,] are to be imposed only in extreme cases and only upon a clear showing of willfulness or bad faith. That principle is well-established in this jurisdiction; it is universally recognized in American jurisprudence; and it is fundamental to the constitutional right of due process." *United Nuclear Corp. v. Gen. Atomic Co.*, 1980-NMSC-094, ¶ 396, 96 N.M. 155, 629 P.2d 231; Rule 1-037(B)(2)(d) (providing that, in addition to any other discovery sanctions, a district court may treat the failure to comply with an order providing for the production of discovery as contempt of court). Logically, this Court has held that "[d]ismissal under Rule 1-037(D) is appropriate only when a party's misconduct meets the minimum requirements set by our supreme court in *United Nuclear* for defaults under Rule 1-037(B)[,] . . . [*i.e.*,] only in extreme cases and only upon a clear showing of willfulness or bad faith." *Sandoval*, 1989-NMCA-042, ¶ 13 (internal quotation marks and citation omitted). "A finding of willfulness may be based upon either a willful, intentional, and bad faith attempt to conceal evidence or gross indifference to discovery obligations." *Medina v. Found. Reserve Ins. Co.,* 1994-NMSC-016, ¶ 6, 117 N.M. 163, 870 P.2d 125; *see also Reed*, 2000-NMCA-091, ¶ 10 ("[T]he district court is justified in imposing the sanction [of dismissal] and does

not abuse its discretion [only] when a party demonstrates flagrant bad faith and callous disregard for its discovery responsibilities." (alteration, internal quotation marks, and citation omitted)). "Specific findings are prerequisites for imposition of discovery sanctions." *Lopez v. Wal-Mart Stores, Inc.*, 1989-NMCA-013, ¶ 7, 108 N.M. 259, 771 P.2d 192. Further, while the district court need not *exhaust* lesser sanctions prior to imposing the sanction of dismissal, it must first determine that "none of the lesser" sanctions available to it, would truly be appropriate[.]" *United Nuclear*, 1980-NMSC-094, ¶ 387 (internal quotation marks and citation omitted).

{13}     Our review of the record on appeal reveals that Plaintiff Robert Ortega provided answers to interrogatories on April 27, 2015, which complied with the City's stated deadline in its April 24, 2015 email to Plaintiffs' counsel. *Cf. Lopez*, 1989-NMCA-013, ¶¶ 10-11 (holding that the severe sanction of dismissal was not justified where the required discovery was supplied late but in advance thereto). Our review of the record confirms, however, that Plaintiff Robert Ortega did not respond to the City's requests for production of documents prior to the entry of the order of dismissal. Nevertheless, the district court's statement that "Plaintiffs failed to demonstrate excusable neglect" demonstrates that the court judged this failure by an incorrect standard and thereby abused its discretion. *See Mintz v. Zoernig*, 2008-NMCA-162, ¶ 17, 145 N.M. 362, 198 P.3d 861 ("The trial court abuses discretion when it applies

an incorrect standard, incorrect substantive law, or its discretionary decision is premised on a misapprehension of the law." (internal quotation marks and citation omitted)). To the extent that the dismissal was premised on Plaintiff Robert Ortega's failure to respond to the motion to compel, we have likewise held that such dismissal "requires an assessment of the violating party's conduct weighed against the underlying principles that cases should be tried on their merits and that dismissal is so severe a sanction that it must be reserved for the extreme case and used only where a lesser sanction would not serve the ends of justice." *Lujan v. City of Albuquerque*, 2003-NMCA-104, ¶ 11, 134 N.M. 207, 75 P.3d 423; *see id.* ¶ 1, 3 (reversing the district court's dismissal with prejudice "entered under the rationale that, under Rule 1-007.1(D) NMRA . . . , [the p]laintiffs' failure to respond to [the d]efendants' motions for summary judgment constituted consent to grant the motions"). Lastly, while City Defendants asserted that they were prejudiced by the delay caused by Plaintiff Robert Ortega's discovery violation, our review of the record on appeal reveals that they presented no actual evidence of such prejudice. *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice.").

{14} There is a strong preference in our state for causes to be tried on their merits. *See Lujan*, 2003-NMCA-104, ¶ 11. In light of this preference, the lack of any specific

findings of the requisite culpability, the apparent application of the incorrect "excusable neglect" standard, and the lack of any evidence that the district court considered the appropriateness of lesser sanctions, we reverse. Given our holding, we need not address at this time whether dismissal as to all Plaintiffs was proper.

**CONCLUSION**

{15}     For the foregoing reasons, we reverse the district court's denial of Plaintiffs' motion to set aside the dismissal and remand for further consideration of the City's motion to compel and for sanctions in light of the legal principles set forth in this opinion.

{16}     **IT IS SO ORDERED.**


_____
                                        **MICHAEL E. VIGIL, Judge**


**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**JULIE J. VARGAS, Judge**