This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40964**

**NATIONSTAR MORTGAGE LLC,**

Plaintiff-Appellee,

v.

**FRANK LUKASAVAGE and SHARON LUKASAVAGE,**

Defendants-Appellants,

and

**PEOPLES PHOENIX, INC., a Kansas corporation; JOHN M. WELLS; NEW MEXICO TAXATION & REVENUE DEPARTMENT; and THOMAS G. RICE,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**James A. Noel, District Court Judge**

Troutman Pepper Hamilton Sanders, LLC
Rachel B. Ommerman
Atlanta, GA
Andrea M. Hicks
Irvine, CA

for Appellee

Deniro Law Firm, LLC
Vanessa L. DeNiro
Rio Rancho, NM

for Appellants

**MEMORANDUM OPINION**

**MEDINA, Judge.**

**{1}**     Appellee Nationstar Mortgage, LLC instituted foreclosure proceedings against Appellants Frank and Sharon Lukasavage, among other named Defendants. The district court entered separate orders granting in rem summary judgment as to Appellants' interest in the underlying property, and dismissing Appellants' counterclaims. On appeal, Appellants challenge both orders, claiming the district court erred by (1) violating the rules of judicial conduct; (2) granting summary judgment and failing to consider their counterclaims; (3) denying their motion to strike an affidavit; (4) denying their motion to set aside an order granting discovery sanctions against them; (5) dismissing their amended counterclaims; and (6) acting without jurisdiction to grant in rem summary judgment. Unpersuaded, we affirm.

**DISCUSSION**

**{2}**     Because this is a memorandum opinion and the parties are familiar with this case, we reserve discussion of the lengthy procedural history and the facts as they become necessary to our analysis.

**I.     Judicial Misconduct**

**{3}**     Appellants claim the district court's "pervasive and egregious violations of the Rules of Judicial Conduct deprived [them] of their constitutional right to an impartial court of law." Specifically, they allege the district court violated the rules of judicial conduct by demonstrating harmful bias, applying court rules and legal doctrines unequally, and deliberately interfering with Appellants' right to a fair trial in violation of Rules 21-100, -102 , -200, -202, -205, and -206 NMRA.

**{4}**     As an initial matter, this Court does not administer claims of judicial misconduct. Such complaints are properly made to the Judicial Standards Commission, which refers them to our New Mexico Supreme Court as necessary. *See* Rule 21-406(A) NMRA ("Violations of any of the rules of the Code of Judicial Conduct by judges shall be investigated, proceeded upon, and disposed of by the Judicial Standards Commission in accordance with its authority and rules of procedure, and by the Supreme Court of New Mexico acting under its powers of contempt and superintending control."); *see also* N.M. Const. art. VI, § 32 (detailing the creation and duties of the Judicial Standards Commission).

**{5}**     Nevertheless, Appellants demand our review of the rules of judicial conduct by citing an out-of-state case for the proposition that "[j]udicial conduct creating the need for disciplinary action can grow from the same root as judicial conduct creating potential appellate review." *In re Laster*, 404 Mich. 449, 462 (Mich. 1979). However, Appellants provide neither binding authority nor analysis to indicate why this Court should review their claims of judicial misconduct. *Lee v. Lee* (hereinafter *In re Adoption of Doe*), 1984-

NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (explaining that where arguments are not supported by cited authority, we presume counsel was unable to find supporting authority, will not research authority for counsel, and will not review issues unsupported by authority).

**{6}** Beyond our inability to enforce the rules of judicial conduct, Appellants have not persuaded us that the district court's actions amounted to reversible error from the standpoint of how those alleged violations affected rulings in this case. *See Hall v. City of Carlsbad*, 2023-NMCA-042, ¶ 5, 531 P.3d 642 ("On appeal, there is a presumption of correctness in the rulings and decisions of the district court, and the party claiming error must clearly show error." (internal quotation marks and citation omitted)). Appellants merely offer bald citations to the rules of judicial conduct and reference facts in the record without developing a specific argument linking those two in a way that overcomes the presumption of correctness applied to determinations made by the district court. *See Titus v. City of Albuquerque*, 2011-NMCA-038, ¶¶ 45-48, 149 N.M. 556, 252 P.3d 780 (refusing to address bare constitutional assertions without sufficient explanation of pertinent facts and how any relevant case law might support the appellant's position); *cf. Aetna Fin. Co. v. Gaither*, 1994-NMSC-082, ¶ 15, 118 N.M. 246, 880 P.2d 857 (stating that the appellants' "bald assertion of error by the court is insufficient: simply alleging an abuse of discretion does not make it so" (internal quotation marks and citation omitted)).

**{7}** Moreover, Appellants attempt to prove prejudice by merely pointing to routine district court rulings in Appellee's favor. However, adverse rulings alone do not establish personal bias or prejudice. *See United Nuclear Corp. v. Gen. Atomic Co.*, 1980-NMSC-094, ¶ 425, 96 N.M. 155, 629 P.2d 23 ("Rulings adverse to a party do not necessarily evince a personal bias or prejudice on the part of the judge against it even if the rulings are later found to have been legally incorrect."). Appellants complain that the district court demonstrated bias and caused undue expense for ongoing litigation by issuing a sua sponte order striking their second amended pleading as untimely.[1] Similarly, Appellants argue that the district court applied court rules and legal doctrines unequally by denying their requests to amend scheduling orders in multiple instances. Appellants also claim the district court demonstrated bias by denying their motion to strike an affidavit; failing to admonish Appellee for not appearing at a scheduling conference; and failing to issue findings related to its use of various requests for admission (RFAs) that allegedly established Appellee's prima facie case for summary judgment.[2] Appellants have not shown the district court acted with prejudicial bias by issuing these adverse rulings, or failing to issue findings or admonishments in the specific aforementioned instances. *See Gen. Atomic Co.*, 1980-NMSC-094, ¶ 425.

**{8}** Absent a showing of prejudice from the judge's conduct, we cannot conclude any error occurred. *See Deaton v. Gutierrez*, 2004-NMCA-043, ¶ 31, 135 N.M. 423, 89 P.3d

---

[1]Although the parties informally notified the district court that they had agreed to extend the filing time for the amended pleading, the district court never formally extended the deadline.

[2]Appellants provide no authority to indicate that failure to make findings constitutes error. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2.

672 ("[A]n assertion of prejudice is not a showing of prejudice, and in the absence of prejudice, there is no reversible error." (alteration, internal quotation marks, and citation omitted)); *see also Hall*, 2023-NMCA-042, ¶ 5 ("[T]he party claiming error must clearly show error." (internal quotation marks and citation omitted)). We thus decline to consider this argument further and turn to Appellants' next claim of error.

## II.    Summary Judgment and Affirmative Defenses

**{9}**     Appellants claim that genuine issues of material fact existed when the district court entered summary judgment in Appellee's favor, and that the district court otherwise failed to properly consider Appellants' affirmative defenses. We read this point of appeal to challenge both the district court's order of in rem summary judgment as to the underlying property and its order of judgment on the pleadings dismissing Appellants' counterclaims. Regarding the district court's order of summary judgment, Appellants argue Appellee failed to establish a prima facie case for summary judgment by relying on the previously admitted RFAs because evidence suggested a genuine dispute about whether Appellants had signed the loan agreement.

**{10}**    We review the grant of summary judgment de novo. *See Romero v. Philip Morris Inc.*, 2010-NMSC-035, ¶ 7, 148 N.M. 713, 242 P.3d 280. "Summary judgment is proper where no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law." *Carrillo v. My Way Holdings, LLC*, 2017-NMCA-024, ¶ 24, 389 P.3d 1087. "[S]ummary judgment is a drastic remedial tool which demands the exercise of caution in its application, and we review the record in the light most favorable to support a trial on the merits." *Woodhull v. Meinel*, 2009-NMCA-015, ¶ 7, 145 N.M. 533, 202 P.3d 126 (internal quotation marks and citation omitted).

**{11}**    The party moving for summary judgment bears the "initial burden of establishing a prima facie case for summary judgment." *Romero*, 2010-NMSC-035, ¶ 10. "A movant establishes a prima facie case when the motion is supported by such evidence as is sufficient in law to raise a presumption of fact or establish the fact in question unless rebutted." *Fed. Nat'l Mortg. Ass'n v. Trissell*, 2022-NMCA-001, ¶ 6, 503 P.3d 381 (internal quotation marks and citation omitted).

**{12}**    "Once this prima facie showing has been made, the burden shifts to the non[]movant to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Romero*, 2010-NMSC-035, ¶ 10 (internal quotation marks and citation omitted). "[U]ntil a [movant] has made a prima facie showing that it is entitled to summary judgment, the [nonmovant] is not required to make any showing with respect to factual issues." *Knapp v. Fraternal Order of Eagles*, 1987-NMCA-064, ¶ 9, 106 N.M. 11, 738 P.2d 129. "[O]nce the . . .[]movant makes a prima facie case on its claim alone, the [nonmovant] bears the burden of demonstrating a genuine issue of material fact regarding any affirmative defense that it relies on to oppose the entry of summary judgment." *Trissell*, 2022-NMCA-001, ¶ 18. "To overcome the presumption that the district court ruled correctly, [the nonmovant] must affirmatively demonstrate error." *Id.* ¶ 19 (internal quotation marks and citation omitted).

**{13}** Appellants argue the district court inappropriately granted summary judgment because Appellee based its motion on RFAs the district court had deemed admitted, and those admitted facts did not establish a prima facie case. The district court admitted all RFAs Appellee solicited during discovery because Appellants failed to comply with Rule 1-036(A) NMRA (providing that a matter set forth in an RFA may be admitted if the requester does not receive a response that complies with the requirements of the rule within thirty days). Appellants argue that the evidence they submitted at the time of summary judgment refuted the facts established by the RFAs.

**{14}** Appellee argued in its motion for summary judgment that the RFAs eliminated any genuine issues of material fact that would interfere with their ability to foreclose on the property at the summary judgment phase. Specifically, Appellee asserted the RFAs proved it had possession of the promissory note and underlying mortgage at the time of suit, which therefore entitled Appellee to foreclosure. "To establish its right to enforce the promissory note underlying the mortgage, a third party seeking foreclosure must prove that, at the time of filing, it had both physical possession *and* the right to enforcement through either a proper indorsement or a transfer by negotiation." *Trissell*, 2022-NMCA-001, ¶ 8 (internal quotation marks and citations omitted).

**{15}** Here, Appellee established its prima facie case for foreclosure by way of Appellants' responses to its RFAs, which the district court deemed admitted. Appellants' responses to the RFAs confirmed that Appellee had both physical possession and the right to enforce the promissory note. According to the RFAs, Appellants had signed the promissory note and mortgage documents that they ultimately defaulted on. The admitted responses also established that the promissory note attached to the complaint had been indorsed by Countrywide Bank, N.A. to Countrywide Home Loans, Inc., and further indorsed directly to Countrywide Home Loans, Inc. The responses then confirmed that Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing LP, had both held the note at the time the complaint was filed and had been assigned the mortgage in question. Finally, the RFAs showed that Bank of America, N.A. had assigned the mortgage to Appellee, thereby giving Appellee the ability to foreclose. As such, the facts outlined in the RFAs established Appellee's prima facie case.

**{16}** We next turn to the district court's order granting Appellee's request that Appellants' counterclaims be dismissed. Appellants contend "the district court erred by concluding that Appellants failed to carry their burden of showing a genuine issue of material fact" as to each affirmative defense. *See Trissell*, 2022-NMCA-001, ¶¶ 18-19. Appellants asserted nineteen affirmative defenses in their second amended answer to the complaint. On appeal, Appellants complain that the district court's order on the motion for summary judgment did not address their "affirmative defenses and made no findings on the evidence introduced in court and attached to [their] filings." Beyond this allegation and stating what their affirmative defenses were, however, Appellants did not include any further argument in their brief in chief detailing how the evidence presented established a genuine issue of material fact that would sustain any one of their affirmative defenses. Rather, Appellants first state an argument in their reply brief

stating that they indeed "demonstrated meritorious defenses that . . . would result in dismissal with prejudice."

**{17}** There, Appellants for the first time substantively address their affirmative defenses that Appellee lacked standing, acted unconscionably, and failed to join an indispensable party. Appellants also mention the following affirmative defenses in their reply brief: Appellee failed to state a claim, acted outside of the statute of limitations, acted with unclean hands, failed to mitigate damages or otherwise act, and committed contributory negligence based on procedural failures. Appellants finally assert their affirmative defenses of ratification, estoppel, and prior material breach, and claim Appellee violated the Home Loan Protection Act (HLPA), NMSA 1978, §§ 58-21A-1 to - 14 (2003, as amended through 2021), and 15 U.S.C § 1639 of the Home Ownership and Equity Protection Act (HOEPA). We decline to address Appellants' argument on these points, because as we explain, they have failed to meet our briefing requirements.

**{18}** First, "the general rule is that we do not address issues raised for the first time in a reply brief except when the arguments are in response to issues raised in the answer brief," which was not the case here. *Benavidez v. Shutiva*, 2015-NMCA-065, ¶ 9, 350 P.3d 1234 (internal quotation marks and citation omitted). Further, Appellants' arguments, despite the further explanation provided in their reply brief, remain unclear and undeveloped. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what [a party's] arguments might be" and "[w]e decline to review . . . an undeveloped argument."). Appellants merely offer vague restatements of the defenses they asserted below without pointing to specific facts in the record that would demonstrate a genuine issue of material fact that would have sustained any single one of their affirmative defenses. *See Muse v. Muse*, 2009-NMCA-003, ¶ 42, 145 N.M. 451, 200 P.3d 104 ("We are not obligated to search the record on a party's behalf to locate support for propositions a party advances or representations of counsel as to what occurred in the proceedings."). We thus hold that Appellants did not meet their burden to demonstrate a genuine issue of material fact that would preclude the entry of summary judgment. *See Trissell*, 2022-NMCA-001, ¶ 19.

**{19}** Appellants otherwise argue the district court erred by failing to address their affirmative defenses below by issuing a specific order or issuing findings on the evidence introduced regarding the affirmative defenses. However, Appellants have not cited authority that would indicate failure to make findings constitutes error in this context. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2. We therefore affirm the grant of summary judgment.

## III.     Motion to Strike

**{20}** Appellants claim the district court erred by declining to grant their motion to strike an affidavit that Appellee attached to its motion for summary judgment. "We review the admission of evidence for an abuse of discretion." *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 11, 314 P.3d 688 (internal quotation marks and citation omitted). "An

abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Sims v. Sims*, 1996-NMSC-078, ¶ 65, 122 N.M. 618, 930 P.2d 153.

**{21}** Specifically, Appellants argue the district court should not have considered the affidavit in question because the affiant failed to demonstrate she would have been qualified to testify at trial about certain business records related to the foreclosure. Appellants claim the affiant did not establish "personal knowledge to the statements she made in the affidavit" and therefore, "her affidavit failed to satisfy the business records exception to the hearsay rule."

**{22}** A court cannot consider evidence at the summary judgment stage "if the substance of the evidence is inadmissible at trial." *Flagstar Bank, FSB v. Licha*, 2015-NMCA-086, ¶ 19, 356 P.3d 1102 (emphasis omitted). However, here, the district court properly concluded that the affiant would have qualified to testify under Rule 11-803(6) NMRA, the business records exception to the hearsay rule, because of her professional role under Appellee, as noted in the affidavit.

**{23}** Moreover, the district court noted that "the undisputed material facts relied upon by Appellee in its motion for summary judgment were . . . entirely factual admissions made by Appellants." In other words, Appellee relied entirely on the admitted RFAs to establish a prima facie case for summary judgment, so the district court did not have to consider the facts outlined in the affidavit. As such, Appellants have not shown how the admission of the affidavit was prejudicial. Absent an affirmative showing of prejudice, we cannot find reversible error. *See Gutierrez*, 2004-NMCA-043, ¶ 31; *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063. We therefore conclude that the district court did not err in denying Appellants' motion to strike the aforementioned affidavit.

## IV.    Motion to Set Aside Discovery Sanctions

**{24}** Appellants argue the district court erred by denying their motion to set aside the discovery sanctions that led to the admission of Appellee's RFAs under Rule 1-036. In particular, Appellants claim the admission of the RFAs "violated the rules of discovery, deprived [them] of their due process rights, and created a windfall for [Appellee]."

**{25}** In 2017, during discovery, Appellee filed a motion to compel arguing Appellants failed to adequately respond to its RFAs, specifically noting that Appellants' answers did not comply with Rule 1-036(A). Rule 1-036(A) provides that a matter set forth in an RFA may be admitted if the requester does not receive an adequate response within thirty days. *See id.* ("If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served."). Here, Appellee claimed that it gave Appellants multiple extensions to respond to their RFAs, notified Appellants that their answers did not comply with Rule 1-036(A), and gave them multiple opportunities to submit adequate discovery responses. Appellants never responded to the motion to compel and

ultimately requested a continuance on the related hearing, which the district court granted on May 2, 2017. The next day, the district court issued an order granting Appellee's motion to compel and deemed Appellee's RFAs admitted.

**{26}** Appellants did not object to this circumstance until five years later. In September 2022, Appellants filed a motion to set aside the order granting Appellee's motion to compel under Rule 1-060(B) NMRA, or in the alternative, to permit withdrawal or amendment of the admissions. There, Appellants argued that they had complied with discovery, that Appellee had not made a good faith effort to elicit their desired discovery responses, and that the district court had otherwise denied them due process by granting a continuance on May 2, 2017, and then immediately issuing an order granting Appellee's motion to compel discovery and admitting Appellee's RFAs on May 3, 2017. Appellee, in response, argued that Appellants' motion to set aside the order compelling discovery was untimely and baseless because the district court properly admitted the RFAs under Rule 1-036(A). Both parties raise the same arguments on appeal as they made in district court.

**{27}** We apply an abuse of discretion standard to both the admission of RFAs under Rule 1-036(A) and the denial of a motion to set aside a judgment under Rule 1-060(B). *See Morrison v. Wyrsch*, 1979-NMSC-093, ¶ 15, 93 N.M. 556, 603 P.2d 295; *Lopez v. Wal-Mart Stores, Inc.*, 1989-NMCA-013, ¶ 6, 108 N.M. 259, 771 P.2d. 192. Under this standard, we review the facts relied upon by the district court to determine if the underlying judgment was supported by substantial evidence. *Lopez*, 1989-NMCA-013, ¶ 6. We only find an abuse of discretion where the district court "has acted arbitrarily or unreasonably under the particular circumstances." *Id.*

**{28}** The record here shows that Appellee made a good faith effort to obtain the RFA responses before filing their motion to compel. *See* Rule 1-037(A)(4). Appellee sent Appellants a conferral letter noting the deficiencies in Appellants' discovery responses and requesting amended responses. Appellants offered supplemental answers, but Appellee determined that Appellants had nevertheless failed to comply with Rule 1-036(A) and thus filed its motion to compel. Appellants did not respond to Appellee's motion to compel; did not request a hearing when the district court granted a continuance on the matter; and did not contest the district court's having deemed the RFAs to be admitted by Appellants until five years after entry of the district court's order. There is no evidence that the district court acted arbitrarily or unreasonably in issuing the sanction that deemed Appellants' RFA's admitted pursuant to Appellee's motion, or in denying Appellants' motion to reconsider five years after the order had been entered. Appellants have otherwise failed to develop an argument or provide authority that would indicate how the district court deprived them of due process in this instance. *See Titus*, 2011-NMCA-038, ¶¶ 45-48. We therefore affirm the denial of Appellants' motion to set aside the discovery sanctions that included the admission of Appellee's RFAs.

## V. Amended Counterclaims

**{29}** Appellants claim the district court erred by granting Appellee's motion for judgment on the pleadings (MJOP) and dismissing their amended counterclaims with prejudice. Appellants' second amended answer included counterclaims for violations of the HLPA, breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, unjust enrichment, fraudulent misrepresentation, negligent misrepresentation, and negligence.[3] Appellee filed its MJOP arguing that the counterclaims were either time-barred or insufficiently pleaded. The district court granted the MJOP and dismissed all of Appellants' counterclaims with prejudice.

**{30}** On appeal, Appellants claim that their counterclaims were well-pleaded and supported by substantial evidence. Further, Appellants assert "[t]he MJOP would not pass muster . . . under [the] Rule 12[(B)](6) standard [because] all well-pleaded facts are deemed true. Accordingly, the [district] court abused its discretion when it dismissed the . . . [c]ounterclaims and did not enter any specific findings to explain its ruling." Appellants provide no additional argument in their brief in chief. Rather, Appellants claim in their reply brief that their counterclaims were not time-barred because they related back to counterclaims they had stated in their first amended answer. Appellants further argue in their reply that we should apply the doctrine of equitable tolling or equitable estoppel based on Appellee's conduct during litigation.

**{31}** We apply de novo review to the grant of a motion for judgment on the pleadings under Rule 1-012(C) NMRA. *See Glaser v. Lebus*, 2012-NMSC-012, ¶ 8, 276 P.3d 959. However, we decline to address Appellants' claims here because they raised them first in the reply brief and failed to develop a clear or compelling argument. *See Benavidez*, 2015-NMCA-065, ¶ 9; *Headley*, 2005-NMCA-045, ¶ 15. Rather, Appellants broadly assert, "[t]here are countless reasons why equitable tolling and estoppel apply" without providing analysis or citations to facts in the record that would indicate why we should apply these doctrines. As previously discussed, such bald assertions do not satisfy our briefing requirements. *See Gaither*, 1994-NMSC-082, ¶ 15. We thus hold that Appellants failed to demonstrate error in the district court's grant of the MJOP.

## VI. In Rem Summary Judgment

**{32}** To the extent we understand Appellants' final argument, they appear to assert that the final judgment was void because the district court lost subject matter jurisdiction during the proceedings. "We review claims related to subject matter jurisdiction de novo." *Allred v. N.M. Dep't of Transp.*, 2017-NMCA-019, ¶ 20, 388 P.3d 998. Subject matter jurisdiction, or the power to decide a particular type of case, may not be waived and may be raised for the first time on appeal. *See Gonzales v. Surgidev Corp.*, 1995-NMSC-036, ¶¶ 11-12, 120 N.M. 133, 899 P.2d 576. "A judgment is void only if the court rendering it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." *Deutsche Bank Nat'l Tr. Co. v. Valerio*,

---

3Appellants voluntarily withdrew their third counterclaim alleging violations of the federal Fair Debt Collection Practices Act.

2021-NMCA-035, ¶ 18, 493 P.3d 493 (internal quotation marks and citation omitted). "Void judgments have no legal effect." *Id.*

**{33}** Here, Appellants argue the in rem summary judgment is void because Appellee obtained title to the property in November 2014 after the court initially issued an in rem judgment for foreclosure based on Appellants' failure to respond to Appellee's complaint. The in rem judgment permitted the sale of the property by a special master. Appellee then purchased the property at a public auction. The district court ultimately set aside the original in rem order in which it had mandated the sale of the property and permitted Appellants to respond to Appellee's complaint. The order setting aside the in rem judgment nullified the entire judgment, which foreclosed and authorized the sale of the property. This order, together with the order vacating the approval of the special master's report and confirming sale, effectively placed the parties in the same positions in which they were prior to entry of the in rem judgment.

**{34}** Appellants claim Appellee never transferred title of the property back to Appellants, rendering the order to set aside the initial in rem judgment "ineffective, *voidable*, or void." Appellants' argument ignores that the purpose of the recording statute is limited to protecting subsequent good-faith purchasers for value or judgment-lien holders, not to give the transaction legal validity. *See, e.g.*, *Withers v. Bd. of Cnty. Comm'rs of San Juan Cnty.*, 1981-NMCA-032, ¶ 6, 96 N.M. 71, 628 P.2d 316 (stating that "the object of the recording statute is to protect those who invest money in property or mortgage loans and those who have acquired judgment liens without knowledge of infirmities in title"). Appellants offer no authority to explain how the order setting aside the original in rem judgment is void based on either Appellee's or Appellants' failure to record either the orders setting aside the in rem judgment and order vacating approval of the special master's sale of the property or other paper restoring title in Appellants' names. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, *Headley*, 2005-NMCA-045, ¶ 15. Appellants otherwise argue the final in rem judgment issued in 2023 "is invalid because it was entered under false pretenses regarding the parties' title and interest in the property. [Appellants] did not have legal title to the property when the [final in rem] [j]udgment was entered, therefore, [the final in rem j]udgment had no legal effect and it is unenforceable." Appellants provide no authority to support the argument that the foreclosure was unenforceable because Appellants did not have a recorded title to the house at the time of judgment. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2.

**{35}** Finally, Appellants argue the district court lost subject matter jurisdiction in 2014 when Appellee obtained the property. Appellants offer no authority to substantiate this argument. *See id.* As Appellee notes, Appellants "have not explained how the issue of who held [a recorded] title to the property created a subject matter jurisdiction issue." We conclude Appellants' claim—that either in rem judgment was void, voidable, ineffective or unenforceable—was undeveloped, unsupported, and unpersuasive. *See Headley*, 2005-NMCA-045, ¶ 15.[4]

---

4In the reply brief, Appellants raise the argument that Appellee lacked standing to obtain foreclosure. We will not review arguments raised for the first time in the reply brief. *Benavidez*, 2015-NMCA-065, ¶ 9.

**CONCLUSION**

**{36}**  For the foregoing reasons, we affirm.

**{37}   IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**GERALD E. BACA, Judge**