# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2021-NMCA-035

Filing Date: May 20, 2021

No. A-1-CA-37330

**DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Indenture
Trustee for NEW CENTURY
HOME EQUITY LOAN TRUST 2004-3,**

       Plaintiff/Counterdefendant-Appellee,

v.

**CHRISTINE B. VALERIO; LUCY E.
VALERIO, if living; if deceased, THE
UNKNOWN HEIRS, DEVISEES, OR
LEGATEES OF LUCY E. VALERIO,
Deceased; BLAZER FINANCIAL
SERVICES INC.; and THE UNKNOWN
SPOUSE OF CHRISTINE B. VALERIO,
if any,**

       Defendants,

and

**JOHN VALERIO,**

       Defendant/Counterclaimant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
David K. Thomson, District Judge**

Released for Publication August 31, 2021.

Moses, Dunn, Farmer & Tuthill, P.C.
Karla K. Poe
Albuquerque, NM

for Appellee

New Mexico Legal Aid, Inc.
Mari Kempton
Albuquerque, NM

Law Office of Jane B. Yohalem
Jane B. Yohalem
Santa Fe, NM

for Appellant

**OPINION**

**HENDERSON, Judge.**

**{1}**     In light of our Supreme Court's recent jurisprudence holding that standing in mortgage foreclosure cases is prudential and not jurisdictional because these causes of action are derived from the common law, rather than statutory in origin, this case requires us to determine the scope of relief from judgments provided by Rule 1-060(B) NMRA in mortgage foreclosure cases. *See Phoenix Funding, LLC v. Aurora Loan Servs., LLC*, 2017-NMSC-010, ¶ 21, 390 P.3d 174 ("[S]tanding in mortgage-foreclosure cases is a prudential concern. The lack of a plaintiff's standing in an action to enforce a promissory note does not divest a court of subject matter jurisdiction." (citation omitted)); *Deutsche Bank Nat'l Tr. Co. v. Johnston*, 2016-NMSC-013, ¶¶ 9-10, 12-13, 369 P.3d 1046 ("[S]tanding is not a jurisdictional prerequisite in mortgage foreclosure cases in New Mexico[.] . . . [O]nly prudential rules of standing apply . . . in this case."). While *Johnston* and *Phoenix Funding* make clear that a homeowner may waive their right to challenge a bank's standing if the matter is not raised during active litigation, in this appeal we consider whether a homeowner may raise standing as a meritorious defense when seeking to reopen a default judgment under Rule 1-060(B)(6), and whether the district court has discretion to grant the motion under those circumstances.

**{2}**     John Valerio (Appellant) contends that the district court erred when it determined that it could not grant relief from its entry of default judgment under Rule 1-060(B) because our Supreme Court has held that "a final judgment on . . . an action to enforce a promissory note . . . is not voidable under Rule 1-060(B) due to lack of prudential standing." *Johnston*, 2016-NMSC-013, ¶ 34. Specifically, Appellant asks us to hold that *Johnston* and its progeny apply exclusively to efforts to void a foreclosure judgment due to lack of prudential standing,[1] but do not preclude district courts from reopening

---

1We are cognizant of the difference between void judgments and voidable judgments, though the terms are often erroneously used interchangeably. *See Kyle v. Chaves*, 1937-NMSC-098, ¶ 21, 42 N.M. 21, 74 P.2d 1030 (explaining that the terms are often used in place of each other). A void judgment is without "legal force or effect. . . . One source of a void judgment is the lack of subject[]matter jurisdiction." *Void judgment*, Black's Law Dictionary (11th ed. 2019); *see State v. Patten*, 1937-NMSC-034, ¶ 26, 41 N.M. 395, 69 P.2d 931 (explaining that judgments rendered by courts that lack jurisdiction "are not voidable, but simply void" (internal quotation marks and citation omitted)). A voidable judgment is "seemingly valid, [but] defective in some material way; [especially] a judgment that, although rendered by a court having jurisdiction, is irregular or erroneous." *Voidable judgment*, Black's Law Dictionary (11th ed. 2019). Rule 1-060(B)(4) states that relief is available when "the judgment is *void*[.]" (Emphasis added.) As discussed herein, our district courts are not without subject matter jurisdiction to hear a mortgage foreclosure case though the plaintiff may lack standing. *Phoenix Funding*, 2017-NMSC-010, ¶ 21; *Johnston*, 2016-NMSC-013, ¶¶ 12-13. In *Johnston* our Supreme Court stated that "a final judgment on . . . an action to enforce a promissory note . . . is not *voidable* under Rule 1-060(B) due to lack of prudential standing." 2016-NMSC-

foreclosure judgments "on any other ground set forth in Rule 1-060(B)[(6)]." Conversely, Deutsche Bank argues that our Supreme Court did not confine its holding in *Johnston* to void judgments alone, and thus a defendant's waiver of an attack on prudential standing cannot be overcome by a Rule 1-060(B)(6) motion to reopen a default judgment.

**{3}**     Although final judgments in mortgage foreclosure cases cannot be declared void under Rule 1-060(B) for lack of prudential standing, we hold that district courts, in their discretion, may set aside a default judgment in a mortgage foreclosure case under Rule 1-060(B)(6) if a party demonstrates grounds for reopening the judgment and a meritorious defense, even when the meritorious defense is that the plaintiff lacked standing. We therefore reverse and remand.

**BACKGROUND**

**{4}**     In August 2004, Christine and Lucy Valerio (collectively, Mortgagors) executed a promissory note (Original Note) secured by a mortgage on their home. On May 2, 2012, Deutsche Bank brought a foreclosure complaint against Mortgagors. Lucy Valerio died prior to the filing of Deutsche Bank's complaint. On May 30, 2012, Deutsche Bank filed its first amended complaint. Both of Deutsche Bank's complaints stated that it was "the holder in due course of the note and the mortgagee of the mortgage" and included a copy of the Original Note, which listed New Century Mortgage Corporation as the original holder. Seven months later, however, Deutsche Bank filed an affidavit of lost Original Note, stating that it was "the legal holder of a Promissory Note . . . executed by [Mortgagors]" but that the Original Note "has been lost or cannot be located." It further indicated that the Original Note had been lost since September 4, 2004, at the latest, though Deutsche Bank's complaints indicate that the mortgage was not assigned to Deutsche Bank until some years later. The notice of filing did not reflect whether the affidavit was served on Mortgagors.

**{5}**     On January 29, 2014, Deutsche Bank moved under Rule 1-055 NMRA for a default judgment. In support of its motion, Deutsche Bank asserted Appellant "failed to appear, plead or otherwise answer in this action[.]" The following month, the district court entered an order granting the motion, along with a decree of foreclosure and appointment of a special master. Later that year, Deutsche Bank purchased the home at a judicial foreclosure sale. Christine Valerio died shortly after the sale. The district court entered an order confirming the sale on March 24, 2015.

**{6}**     On July 23, 2015, Appellant, who is Christine Valerio's son and Lucy Valerio's brother, as a successor in interest to Mortgagors, sought relief from the default judgment pursuant to Rule 1-060(B). Appellant advanced two arguments in support of his motion. First, he argued that the judgment was void under Rule 1-060(B)(4) because

---

013, ¶ 34 (emphasis added). In that context, and for purposes of this opinion, "voidable" does not take the traditional legal meaning outlined above; rather, it means a judgment that can be declared void. Indeed, in the past we have used the term "voidable" for that purpose in the context of Rule 1-060(B)(4). *See, e.g.*, *Classen v. Classen*, 1995-NMCA-022, ¶ 13, 119 N.M. 582, 893 P.2d 478 (holding that "[i]f service did not meet due process standards, the judgment is voidable at any time under [Rule] 1-060(B)(4)").

Deutsche Bank lacked standing to bring a foreclosure complaint against Mortgagors. Specifically, Appellant maintained that the indorsement on the copy of the Original Note attached to Deutsche Bank's first amended complaint failed to establish the requirements necessary for enforceability, as did the lost note affidavit. Second, Appellant argued that the "[j]udgment should be set aside pursuant to Rule 1-060(B)(6) [b]ecause [Appellant] [h]as [m]eritorious [d]efenses and [c]ounterclaims[.]" The district court granted Appellant's motion but did not specify the grounds on which it based its ruling. In its order setting aside the default judgment, the district court directed Appellant to file an answer to Deutsche Bank's first amended complaint for foreclosure.

**{7}** On April 4, 2016, Deutsche Bank moved the district court to reconsider its order setting aside default judgment. As grounds, Deutsche Bank asserted that "[s]ince the basis for the [district c]ourt's decision in setting aside default judgment was due to concerns of prudential standing" the district court should "uphold [its] entry of the default judgment[,]" based on *Johnston*. Deutsche Bank argued that *Johnston*, which was decided on the same day that the district court entered its order granting Appellant's motion to set aside default judgment, stood for the proposition that "a final judgment on an action to enforce a promissory note is not voidable under Rule 1-060(B) due to lack of prudential standing."

**{8}** Appellant filed an answer to Deutsche Bank's first amended complaint for foreclosure, a counterclaim, and a response to Deutsche Bank's motion to reconsider the district court's order setting aside default judgment. In his answer, Appellant pled several affirmative defenses, including lack of standing, unclean hands, and equitable estoppel. As the basis for his defenses, Appellant asserted that Deutsche Bank was not in possession of the Original Note as stated in Deutsche Bank's affidavit of lost Original Note, and thus was not in fact "the holder" of Mortgagors' Note as claimed in the original and first amended complaints, as well as the affidavit of lost Original Note. Appellant also included a counterclaim for violations of the New Mexico Unfair Practices Act, NMSA 1978, §§ 57-12-1 to - 26 (1967, as amended through 2019).

**{9}** In his response to Deutsche Bank's motion to reconsider the district court's order setting aside default judgment, Appellant argued that Deutsche Bank's interpretation of *Johnston* was "overbroad" and therefore, its reliance on *Johnston* was misguided. Appellant contended that Deutsche Bank did not comply with the procedures set forth in the New Mexico Uniform Commercial Code (UCC), NMSA 1978, § 55-3-309 (1992), to enforce a lost Original Note, and thus the circumstances surrounding his case warranted the relief afforded by Rule 1-060(B)(6). On December 28, 2016, the district court entered an order denying Deutsche Bank's motion to reconsider its order setting aside default judgment. Although the district court did not specify which provision of Rule 1-060(B) it relied upon, the district court's order included the following findings:

1. The [c]ourt had an independent obligation to review [Deutsche Bank]'s standing prior to entry of the default foreclosure judgment.

2. [Appellant] did not waive his defense relating to [Deutsche Bank]'s ability to enforce the [Original] Note under [Rule] 1-012 [NMRA] because said defense was unavailable.

**{10}** On June 5, 2017, Appellant moved the district court to dismiss the foreclosure action. In support of the motion, Appellant argued that Deutsche Bank lacked standing to enforce the Original Note and that Deutsche Bank's lost note affidavit failed to comply with the UCC. That same day, Deutsche Bank, for the second time, moved the district court to reconsider its order setting aside default judgmen t. Citing *Bank of America, N.A. v. Roybal*, No. 34,567, mem. op. (N.M. Ct. App. Feb. 6, 2017) (non-precedential), Deutsche Bank repeated its earlier argument that *Johnston* does not permit a district court to grant relief from judgment pursuant to Rule 1-060(B) for lack of standing in mortgage foreclosure cases.

**{11}** Appellant filed a response in which he noted that *Roybal* is non-precedential, argued that it is "factually and procedurally distinguish[able]" from this case, and reiterated his earlier argument that Deutsche Bank failed to comply with the procedures set forth in the UCC to enforce the lost Original Note. Appellant explained that *Roybal* concerned a homeowner's attempt to have a judgment declared void for lack of standing under Rule 1-060(B) and in the case at bar, the district court did not indicate that it set aside default judgment because it determined the judgment was void. Finally, Appellant argued that *Johnston* was not intended to be a "complete bar" to the district court's discretion to set aside judgments in mortgage foreclosure cases. Deutsche Bank filed a reply in which it argued that an attached affidavit proved its standing and that the affidavit fully complied with the UCC. The affidavit stated that "[n]o person can obtain possession of the [O]riginal Note because its whereabouts cannot be determined."

**{12}** The district court held a hearing on Appellant's motion to dismiss and Deutsche Bank's second motion to reconsider on January 9, 2018. It conditionally ruled that Appellant's motion to dismiss should be granted with leave for Deutsche Bank to bring an amended complaint, provided that the district court also denied Deutsche Bank's second motion to reconsider. Alternatively, the district court stated that if it granted Deutsche Bank's second motion to reconsider, Appellant's motion to dismiss was moot.

**{13}** Three weeks later, the district court granted Deutsche Bank's second motion to reconsider. Basing its ruling on *Johnston*, *Phoenix Funding*, and *Roybal*, the district court determined that pursuant to those cases "the train has left the station and [the] default [judgment] must stand" while acknowledging that "it is unlikely [Appellant] was aware he had a standing defense available to him." On February 12, 2018, the default judgment, decree of foreclosure, and order confirming sale were reinstated.

**{14}** The following month, Appellant moved the district court to reconsider its order reinstating the default judgment. Appellant noted that Deutsche Bank never amended its pleadings to reflect that it was not indeed in physical possession of the Original Note and never served a copy of the affidavit of lost Original Note "on any defendant in this case[.]" Appellant argued that the affidavit of lost Original Note constituted an

amendment to Deutsche Bank's original and first amended complaints because it showed that Deutsche Bank did not actually have physical possession of, and thus did not actually hold, the Original Note. Appellant maintained that these deficiencies rendered the default judgment void under Rule 1-060(B)(4). Appellant also sought relief pursuant to Rule 1-060(B)(6), contending exceptional circumstances existed, and requested the opportunity to litigate the case on the merits and present meritorious defenses. The district court found "no basis" for Appellant's motion to reconsider and denied the motion. This appeal followed.

## DISCUSSION

**{15}** The issue central to both parties' arguments on appeal is whether the principle articulated in *Johnston*, i.e., that final judgments in mortgage foreclosure actions cannot be declared void for lack of prudential standing, also prohibits the district court from reopening a default judgment under Rule 1-060(B)(6) and allowing a defendant to attack prudential standing on the merits. *See Johnston*, 2016-NMSC-013, ¶ 34. We conclude that the holding articulated in *Johnston* does not encompass the breadth of Rule 1-060(B) or divest the district court of discretion to grant warranted relief. As we explain, while our Supreme Court's holdings in *Johnston* and *Phoenix Funding* make clear that final judgments in mortgage foreclosure cases cannot be declared void for lack of standing under Rule 1-060(B), these cases do not otherwise prohibit the district court, in its discretion, from reopening default judgments pursuant to any of the other grounds set forth in Rule 1-060(B) in order to allow parties to litigate their cases on the merits.

### I.    *Johnston* **and Its Progeny Extend Only to Void Judgments and Do Not Prohibit the District Court From Reopening Judgments Under Rule 1-060(B)**

**{16}** To the extent we engage in the interpretation of our rules of civil procedure in this case, we apply the same canons of interpretation that we use when interpreting statutes. *See Johnson v. N.M. Oil Conservation Comm'n*, 1999-NMSC-021, ¶ 27, 127 N.M. 120, 978 P.2d 327. Thus, we give effect to the plain language of the rule and give the words used their ordinary meaning, unless the drafters indicate a different meaning was intended. *Id.* We also will not add language to a rule, "particularly if it makes sense as written." *Id.* (internal quotation marks and citation omitted).

**{17}** Rule 1-060(B) provides:

> B.    Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc. On motion and on such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> (1)    mistake, inadvertence, surprise, or excusable neglect;

        (2)     newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 1-059 NMRA;

        (3)     fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

        (4)     the judgment is void;

        (5)     the judgment has been satisfied, released, or discharged, or a prior judgment on which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

        (6)     any other reason justifying relief from the operation of the judgment[.]

**{18}** At the outset, we take care to outline the consequential distinction between a *void* judgment and the *reopening* of a judgment under Rule 1-060(B). *See Chavez v. Cnty. of Valencia*, 1974-NMSC-035, ¶ 16, 86 N.M. 205, 521 P.2d 1154 (discussing the differences between void judgments under Rule 1-060(B) and the remaining provisions of the rule and providing that "[e]ither a judgment is void or it is valid" (internal quotation marks and citation omitted)). Rule 1-060(B)(4) authorizes relief from void judgments. "A judgment is void only if the court rendering it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." *Classen*, 1995-NMCA-022, ¶ 10 (emphasis, internal quotation marks, and citation omitted). Void judgments have no legal effect. *See Matsu v. Chavez*, 1981-NMSC-113, ¶ 8, 96 N.M. 775, 635 P.2d 584; *In re Field's Estate*, 1936-NMSC-060, ¶ 11, 40 N.M. 423, 60 P.2d 945; *Ealy v. McGahen*, 1933-NMSC-033, ¶ 22, 37 N.M. 246, 21 P.2d 84. For this reason, it is mandatory that the district court vacate void judgments. *See Nesbit v. City of Albuquerque*, 1977-NMSC-107, ¶ 12, 91 N.M. 455, 575 P.2d 1340 ("There is no discretion on the part of [the] district court to set aside a void judgment."); *Chavez*, 1974-NMSC-035, ¶ 16 ("There is no question of discretion on the part of the [district] court when a motion is under Rule [1-060(B)](4)." (internal quotation marks and citation omitted)). Consequently, when litigants seek to have a judgment declared void under Rule 1-060(B)(4), if meritorious, the district court has no discretion: "If the underlying judgment is void, it must be set aside." *Classen*, 1995-NMCA-022, ¶ 10.

**{19}** The remaining provisions of Rule 1-060(B) afford the district court discretion to grant relief from final judgments if a party shows "the existence of grounds for [re]opening or vacating the judgment and a meritorious defense or cause of action." *Rodriguez v. Conant*, 1987-NMSC-040, ¶ 16, 105 N.M. 746, 737 P.2d 527; *see Classen*, 1995-NMCA-022, ¶ 10 ("Generally . . . relief pursuant to [Rule] 1-060(B) is a matter within the discretion of the trial court[.]"); *see also Chavez*, 1974-NMSC-035, ¶ 16 (explaining that relief under Rule 1-060(B) requires a "showing of exceptional circumstances" (internal quotation marks and citation omitted)); *Lopez v. Wal-Mart*

*Stores, Inc.*, 1989-NMCA-013, ¶ 13, 108 N.M. 259, 771 P.2d 192 (providing that, though "limited to instances where there is a showing of exceptional circumstances[,]" Rule 1-060(B)(6) supplies district courts with "a reservoir of equitable power to do justice in a given case" and stating that where default judgments are at issue, "[a]ny doubts about whether relief should be granted are resolved in favor of the defaulting defendant because default judgments are not favored" (internal quotation marks and citations omitted)). Setting aside or vacating judgments, as is required of the district court when a judgment is void, is much different than reopening a judgment. *See Davis v. Meadors-Cherry Co.*, 1957-NMSC-093, ¶ 10, 63 N.M. 285, 317 P.2d 901 (stating that an "order reopening the judgment [is not] an order vacating the judgment"). Our Supreme Court has adopted the following explanation of the contrast:

> There is a marked and clearly recognized distinction between the vacation of a judgment and the [re]opening of a judgment. A judgment which is vacated is destroyed in its entirety upon the entry of the order that the judgment be vacated, while a judgment which is merely [re]opened does not lose its status as a judgment, but is merely suspended so far as concerns the present right to maintain further proceedings based upon it. In the latter case, if the party who obtained the [re]opening of the judgment is afterwards defeated in his attempt to obtain relief, the result is to restore the judgment to full force and effect, while if he prevails in his attempt, the judgment is then vacated and a new judgment entered.

*Id.* ¶ 12 (omission, internal quotation marks, and citation omitted); *see also Albuquerque Prods. Credit Ass'n v. Martinez*, 1978-NMSC-003, ¶ 11, 91 N.M. 317, 573 P.2d 672 (recognizing that when a void judgment is vacated, "the status of the case [is] as though no judgment ha[s] been entered").

**{20}** As these principles relate to mortgage foreclosure cases, our Supreme Court has held that mortgage foreclosure actions are a product of the common law rather than a statutory creation. *Phoenix Funding*, 2017-NMSC-010, ¶ 21; *Johnston*, 2016-NMSC-013, ¶ 12. For this reason, standing in these cases is prudential and not jurisdictional, and our district courts are not without subject matter jurisdiction to hear a mortgage foreclosure case though the plaintiff may lack standing. *Phoenix Funding*, 2017-NMSC-010, ¶ 21; *Johnston*, 2016-NMSC-013, ¶¶ 12-13. It follows that a judgment in this type of case cannot be void for lack of subject matter jurisdiction. *See Classen*, 1995-NMCA-022, ¶ 10 (explaining that judgments rendered by a court without subject matter jurisdiction are void). Thus, employing these principles, our Supreme Court concluded that final judgments in cases seeking the enforcement of promissory notes are not void pursuant to Rule 1-060(B) for want of a plaintiff's standing. *Johnston*, 2016-NMSC-013, ¶ 34.

**{21}** Deutsche Bank's argument that *Johnston* and the cases that followed prohibit our district courts from granting relief from judgments in mortgage foreclosure cases conflates void judgments and reopening judgments. Indeed, Deutsche Bank uses "reopen" as a substitute for "void" throughout its briefing. However, in *Johnston* and

*Phoenix Funding*, our Supreme Court was specific in discussing the prohibition on using lack of standing as the basis to void a final judgment. These cases do not speak to whether litigants may raise lack of standing as a meritorious defense when seeking to have a default judgment reopened under Rule 1-060(B)(6). *See Phoenix Funding*, 2017-NMSC-010, ¶ 21; *Johnston*, 2016-NMSC-013, ¶ 34; *see also Sangre de Cristo Dev. Corp. v. City of Santa Fe*, 1972-NMSC-076, ¶ 23, 84 N.M. 343, 503 P.2d 323 ("The general rule is that cases are not authority for propositions not considered."). Given the clear distinction between void judgments, which must necessarily be set aside by our district courts, and the reopening of judgments, which lies within our district courts' discretion, we fail to see how *Johnston*'s holding concerning Rule 1-060(B) extends any farther than its clear language: "[A] final judgment on . . . an action to enforce a promissory note . . . is not *voidable* under Rule 1-060(B) due to lack of prudential standing." *Johnston*, 2016-NMSC-013, ¶ 34 (emphasis added).

**{22}** We note, too, that while a litigant's failure to raise lack of standing as a defense during the pendency of an action serves to waive a direct or collateral attack on prudential standing, *Johnston* does not preclude a litigant from raising lack of standing as a defense if the district court determines that other grounds exist for reopening the judgment and the case proceeds on the merits. *See id.*; *Phoenix Funding*, 2017-NMSC-030, ¶ 21; *see also Johnston*, 2016-NMSC-013, ¶ 18 (concluding that the defense of lack of prudential standing is akin to the defense of failure to state a claim and as such is subject to the provisions of Rule 1-012(H)(2), which provides for defenses that may be raised during active litigation); *cf. Ortiz v. Shaw*, 2008-NMCA-136, ¶ 23, 145 N.M. 58, 193 P.3d 605 (rejecting the plaintiff's argument that the defendant had waived objection to service of process and the district court's jurisdiction because "[u]ntil the district court granted relief from default judgment, [the d]efendant could not file an effective responsive pleading or motion under Rule 1-012(B)"). Deutsche Bank does not dispute that if the district court found grounds for reopening the default judgment, Appellant could raise lack of standing as a defense. *See Rodriguez*, 1987-NMSC-040, ¶ 16 (stating that "[a] party seeking relief from a default judgment must show the existence of grounds for [re]opening or vacating the judgment and a meritorious defense or cause of action").

**{23}** Finally, if we were to hold that under *Johnston* and *Phoenix Funding* our district courts could not reopen a default judgment under Rule 1-060(B) in mortgage foreclosure cases to allow a homeowner to challenge standing under any circumstance, that would lead to the absurd result of stripping litigants of meritorious defenses that they were previously unaware of and divest the district court of discretion to grant warranted relief, effectively rendering sections of the rule a nullity. We will not do so.

**{24}** For all these reasons, we conclude that although litigants in mortgage foreclosure cases may not seek to have a final judgment declared void due to lack of prudential standing under Rule 1-060(B), they may nevertheless seek to have a default judgment reopened on the other grounds set forth in Rule 1-060(B), and if successful, are not precluded from raising lack of standing as a defense in the ongoing proceedings.

## II. The District Court Misapprehended the Law by Concluding That *Johnston* and Its Progeny Prohibited All Relief Sought by Appellant Pursuant to Rule 1-060(B)

**{25}** Aside from rulings pursuant to void judgments under Rule 1-060(B)(4), district court rulings on Rule 1-060(B) motions are reviewed under an abuse of discretion standard unless the case presents a question of law. *State ex rel. Human Servs. Dep't v. Rawls*, 2012-NMCA-052, ¶ 8, 279 P.3d 766; *see Chavez*, 1974-NMSC-035, ¶ 16 (stating that the district court possesses discretion to grant relief under all subsections of Rule 1-060(B) aside from subsection (B)(4)). "To the extent an issue requires us to determine whether the district court misapprehended the applicable law or otherwise requires us to decide a pure matter of law, we turn to de novo review." *Rawls*, 2012-NMCA-052, ¶ 8. "Accordingly, we may characterize as an abuse of discretion a discretionary decision that is premised on a misapprehension of the law." *Harrison v. Bd. of Regents of Univ. of N.M.*, 2013-NMCA-105, ¶ 14, 311 P.3d 1236 (internal quotation marks and citation omitted). Therefore, employing this standard, should we conclude that the district court erred in its Rule 1-060(B) ruling, we must also conclude that the district court abused its discretion because the ruling was premised on the district court's misapprehension of the law. *See Harrison*, 2013-NMCA-105, ¶ 14 (explaining that when we review for abuse of discretion and also conduct de novo review of the district court's application of the law to the facts, a conclusion that the district court abused its discretion "necessarily follows" a conclusion that the district court's legal determinations were erroneous).

**{26}** In the proceedings below, Appellant moved the district court to have the judgment declared void for lack of standing under Rule 1-060(B)(4) ("the judgment is void"). As explained above, our Supreme Court has held that standing in mortgage foreclosure cases is prudential and not jurisdictional and thus, our district courts are not without subject matter jurisdiction though a plaintiff may lack standing. *Phoenix Funding*, 2017-NMSC-010, ¶ 21; *Johnston*, 2016-NMSC-013, ¶¶ 12-13. Therefore, to the extent Appellant's motion challenged the default judgment as void under Rule 1-060(B)(4) because Deutsche Bank lacked standing, the district court correctly concluded that the judgment was not voidable pursuant to *Johnston* and *Phoenix Funding*. *See Phoenix Funding*, 2017-NMSC-010, ¶ 21; *Johnston*, 2016-NMSC-013, ¶ 34; *see also Gallegos v. Franklin*, 1976-NMCA-019, ¶ 25, 89 N.M. 118, 547 P.2d 1160 (noting that default judgments are final judgments). Appellant concedes this point, and does not advance an argument premised on Rule 1-060(B)(4) on appeal. However, Appellant also sought the opportunity to litigate the case on the merits by having the default judgment reopened under Rule 1-060(B)(6). As explained in our analysis above, this relief is not prohibited by *Johnston* and its progeny. The district court erred in concluding otherwise.

**{27}** Finally, we decline the parties' invitations to consider the merits and timeliness of Appellant's Rule 1-060(B) motion. As noted above, the district court did not specify the grounds on which it based its original ruling on Appellant's motion to reconsider default judgment. Thus, this Court is unable to review these questions at this juncture. *See Montoya v. Medina*, 2009-NMCA-029, ¶ 5, 145 N.M. 690, 203 P.3d 905 ("Findings of

fact and conclusions of law are insufficient to assist a reviewing court if they do not resolve the material issues in a meaningful way." (alteration, internal quotation marks, and citation omitted)); *State v. Vincent*, 2005-NMCA-064, ¶ 9, 137 N.M. 462, 112 P.3d 1119 ("[U]nless the facts necessary to consider a contention are in the record on appeal, we cannot consider the claim.").

**{28}** In sum, we conclude that the district court misapprehended the law by determining that it could not grant Appellant relief from the final judgment in this case under Rule 1-060(B)(6), and thus abused its discretion. Therefore, we reverse the district court's order granting Deutsche Bank's second motion to reconsider. We remand this case to the district court with instructions to vacate its order reinstating the default judgment, decree of foreclosure, and order confirming sale.

**CONCLUSION**

**{29}** We reverse and remand for proceedings consistent with this opinion.

**{30}   IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**