The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: **February 21, 2023**

**No. A-1-CA-39388**

**STATE OF NEW MEXICO ex rel.
THOMAS MCGILL, JERRY POWERS,
and HOWARD CALKINS,**

      Plaintiffs-Appellees,

v.

**JOHN BASSETT, individually and
JOHN BASSETT, in his capacity as
Mayor for the Town of Edgewood,**

      Defendant-Appellant,

and

**GOVERNING BODY for the Town of
Edgewood,**

      Defendant,

and

**GOVERNING BODY for the Town of
Edgewood ex rel. THOMAS MCGILL,
JERRY POWERS, and HOWARD
CALKINS,**

      Plaintiffs,

v.

**JOHN BASSETT, individually, and**
**JOHN BASSETT, in his capacity as**
**Mayor for the Town of Edgewood,**

      Defendant-Appellant,

and

**JOSEPHINE BASSETT and EUGENE**
**BASSETT,**

      Defendants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Maria Sanchez-Gagne, District Court Judge**

The Terry Firm, LLC
Adrian Terry
Edgewood, NM

for Appellees

Macke Law & Policy, LLC
Daniel J. Macke
Albuquerque, NM

for Appellant

**OPINION**

**BUSTAMANTE, Judge, retired, sitting by designation.**

{1}     Defendant John Bassett, individually and in his capacity as mayor of the Town of Edgewood (Edgewood), appeals the district court's denial of his motion to set aside a default judgment and a partial summary judgment entered in favor of Plaintiffs Thomas McGill, Jerry Powers, and Howard Calkins. Bassett argues: (1) although he was served with the original complaint, Plaintiffs were required to serve the first amended complaint before entry of default judgment under Rule 1-005(A) NMRA because it added an additional Fraud Against Taxpayers Act (FATA), NMSA 1978, §§ 44-9-1 to -14 (2007, as amended through 2015) claim; (2) Plaintiffs were also required to serve the first amended complaint under FATA's statutory service requirements before proceeding with the case and entry of the judgments, *see* § 44-9-5(B); and (3) constructive notice of the first amended complaint cannot substitute for Plaintiffs' requirement to serve Bassett under either Rule 1-005(A) or Section 44-9-5(B). Because Plaintiffs failed to serve the first amended complaint on Bassett as required under Rule 1-005(A) and Section 44-9-5(B), the district court did not have personal jurisdiction over him and it erred in granting default judgment and enforcing a partial summary judgment against him. We therefore reverse and remand for further proceedings.

**BACKGROUND**

{2}      The facts are undisputed. Plaintiffs filed a complaint against Bassett and Edgewood[1] for quo warranto and declaratory judgment, and a writ of mandamus for violations of Edgewood's nepotism ordinance and fraud on February 1, 2020. Plaintiffs timely served Bassett by certified mail on February 7, 2020, and by personal delivery on February 12, 2020. Although served, Bassett did not enter his appearance in the case. We note that under Rule 1-012(A) NMRA, Bassett was not required to file any responsive pleading to the first complaint until March 9, 2020, at the earliest.

{3}      On March 2, 2020, Plaintiffs filed the first amended complaint, adding a qui tam claim under FATA. FATA requires qui tam plaintiffs to file the complaint under seal and serve notice on both the Attorney General and the appropriate political subdivision. Section 44-9-5(B),(C). The Attorney General then has sixty days while the complaint is under seal to decide to intervene and proceed with the qui tam claim. Section 44-9-5(C). During this time, a defendant cannot be served and no response is required until the seal has been lifted and the qui tam plaintiff serves the defendant. Section 44-9-5(B). Plaintiffs filed the first amended complaint under seal and served

[1]Edgewood was the defendant in a related appeal, which was dismissed in compliance with our Supreme Court's order declining this Court's certification on the issues presented. Order, *State of N.M. ex rel. McGill v. Bassett*, S-1-SC-38555 (N.M. Oct. 29, 2021); Order Remanding to Strike, and Dismissing Appeal, *State of N.M. ex rel. McGill v. Bassett*, A-1-CA-39399 (N.M. Ct. App. Nov. 4, 2021).

it on both the Attorney General and counsel for Edgewood on March 9, 2020. The Attorney General filed notice declining to intervene on July 28, 2020.

{4} Although Plaintiffs served the Attorney General and Edgewood, Plaintiffs did not serve a copy of the first amended complaint on Bassett, either individually or in his capacity as mayor. On June 16, 2020, Plaintiffs moved to lift the seal on their "qui tam claims" and to "permit Plaintiffs to serve a copy of the [f]irst [a]mended [c]omplaint on all captioned defendants." In the motion, despite never having served Bassett with the first amended complaint, Plaintiffs seemed to argue that Bassett was served with the first amended complaint on March 9, 2020, when they emailed a copy to counsel for Edgewood and to the Attorney General. The motion to lift the seal was not served on Bassett.

{5} In its order granting the motion on September 16, 2020, the district court found that Plaintiffs served the Attorney General and Edgewood, but had not yet served the two new Defendants, as required by Section 44-9-5(C). The district court made no findings about whether Bassett had been served with the first amended complaint. However, the district court ordered that "Plaintiffs are permitted to serve a copy of the [f]irst [a]mended [c]omplaint, and any process related thereto, on all parties to these proceedings." The district court concluded by ordering "[a]ny defendant who has already been served with process in the action shall file a responsive pleading to the [f]irst [a]mended [c]omplaint within ten (10) days from

3

the entry of this [o]rder." Plaintiffs made no attempt to serve Bassett with the first amended complaint after the district court entered its order lifting the seal.

{6}     On October 8, 2020, Plaintiffs moved for default judgment against Bassett on Count 1 (quo warranto), Count 2 (declaratory judgment), Count 4 (fraud), and Count 6 (violation of the FATA) of the first amended complaint. The next day, Plaintiffs moved for partial summary judgment against Bassett as to Count 2 of the first amended complaint. In both motions, Plaintiffs asserted that Bassett was not entitled to notice because Bassett had not entered an appearance in the case or filed responsive pleadings to Plaintiffs' first amended complaint, and therefore Plaintiffs were not required to provide notice under Rule 1-005(A). Plaintiffs did not serve either of these motions on Bassett.

{7}     The district court granted both motions. In its order granting partial summary judgment, the district court found and ordered Bassett "guilty of malfeasance in office for violating . . . Edgewood's [n]epotism [o]rdinance"; Bassett "is subject to dismissal and removal from office as mayor for . . . Edgewood for violating the [n]epotism [o]rdinance"; and Bassett "is subject to punishment for a misdemeanor criminal offense" for violating the nepotism ordinance, including "a fine not exceeding five hundred dollars ($500.00) or ninety (90) days in jail, or both." On October 29, 2020, the district court signed and entered a writ of execution ordering

the sheriff of Santa Fe County to remove Bassett from his office as mayor on November 4, 2020.

{8} Two weeks after the district court granted default and partial summary judgment, Bassett entered his appearance and moved to set aside the judgments under Rule 1-055(C) NMRA and Rule 1-060(B)(1), (4), (6) NMRA, and also stay the writ of execution. Bassett argued, in relevant part, that the district court lacked jurisdiction to enter the judgments because—by their own admission—Plaintiffs failed to serve the first amended complaint on him and constructive notice could not replace service because Bassett was easily available. Although the district court quashed the writ of execution, it denied Bassett's motion to set aside and stated that all "orders or judgments of the [district c]ourt in this action shall remain in full force and effect." This appeal followed.

**DISCUSSION**

{9} "We review the district court's denial of a motion to set aside a default judgment for abuse of discretion." *Ortiz v. Shaw*, 2008-NMCA-136, ¶ 12, 145 N.M. 58, 193 P.3d 605. Because default judgments are not favored and a trial on the merits is preferred, "only a slight abuse of discretion is sufficient to justify reversal." *Id.* (internal quotation marks and citation omitted). We similarly review a district court's decision to set aside a judgment generally for an abuse of discretion. *Deutsche Bank Nat'l Tr. Co. v. Valerio*, 2021-NMCA-035, ¶ 25, 493 P.3d 493. "[E]ven when we

review for an abuse of discretion, our review of the application of the law to the facts is conducted de novo. Accordingly, we may characterize as an abuse of discretion a discretionary decision that is premised on a misapprehension of the law." *Harrison v. Bd. of Regents of Univ. of N.M.*, 2013-NMCA-105, ¶ 14, 311 P.3d 1236 (internal quotation marks and citations omitted). We note, yet again, that "[a]ny doubts about whether relief should be granted are resolved in favor of the defaulting defendant because default judgments are not favored in the law; that in the absence of a showing of prejudice to the plaintiff, causes should be tried upon the merits." *Dyer v. Pacheco*, 1982-NMCA-148, ¶ 7, 98 N.M. 670, 651 P.2d 1314 (internal quotation marks and citation omitted), *overruled on other grounds by Chase v. Contractors' Equip. & Supply Co.*, 1983-NMCA-058, 100 N.M. 39, 665 P.2d 301.

{10}     Bassett's motion was made pursuant to Rule 1-055(C) and Rule 1-060(B)(1), (4), (6). Under these rules, "before a [district] court will set aside an entry of default, the defendant must demonstrate that there was good cause for failing to answer, as well as the existence of a meritorious defense." *Ortiz*, 2008-NMCA-136, ¶ 14 (internal quotation marks and citation omitted). Bassett argues that good cause exists because he was not properly served, and meritorious defenses exist because he denies the allegations and provides contrary factual information to Plaintiffs' claims. But when, like here, "litigants seek to have a judgment declared void under Rule 1-060(B)(4), if meritorious, the district court has no discretion: If the underlying

6

judgment is void, it must be set aside." *Valerio*, 2021-NMCA-035, ¶ 18 (internal quotation marks and citation omitted).

**{11}** Bassett argues that the district court abused its discretion in refusing to set aside the judgments because, although Bassett was served with the original complaint, both Rule 1-005(A) and Section 44-9-5(B) require that Plaintiffs serve the first amended complaint before moving for default or partial summary judgment. Because Bassett was never served with the first amended complaint, the district court lacked jurisdiction to enter the judgments. In response, Plaintiffs argue that they were not required to serve the first amended complaint because they previously served the original complaint and Bassett had actual and constructive notice of the first amended complaint.

**{12}** Plaintiffs could have served Bassett by delivering a copy of the summons and complaint to Bassett individually, by mail, or commercial carrier service. *See* Rule 1-004(F)(1)(a), (b) NMRA. The rule also allows for service by delivering a copy of the summons and complaint to someone residing at Bassett's usual place of abode and mailing to his last known address, or by delivering a copy to Bassett's place of employment and mailing to his last known address. *See* Rule 1-004(F)(2), (3). Because Bassett was the mayor of Edgewood, Plaintiffs could also serve Bassett by delivering a copy to Bassett and to the Attorney General. *See* Rule 1-004(H)(1)(c).

{13}     Rule 1-005(A) requires that all other pleadings and orders in a case be served, but that "[n]o service need be made on parties in default for failure to appear." However, Rule 1-005(A) gives one firm exception to this rule, in that "pleadings asserting new or additional claims for relief against [a party in default] shall be served upon them in a manner provided for service of summons in Rule 1-004."

{14}     FATA also imposes its own statutory service requirement. As discussed above, when a qui tam plaintiff files a claim under FATA, they are required to file the complaint under seal and serve the Attorney General and the applicable political subdivision the same day the complaint is filed. Section 44-9-5(B), (C). The complaint "shall remain under seal for at least sixty days," and "[n]o service shall be made on a defendant and no response is required from a defendant until the seal has been lifted and the complaint served pursuant to the rules of civil procedure." Section 44-9-5(B).

{15}     We agree with Bassett that Plaintiffs failed to properly serve the first amended complaint as required by Rule 1-005(A) and Section 44-9-5(B). It is undisputed that Plaintiffs amended their complaint to add an additional claim under FATA. The record below shows that after the seal was lifted on the first amended complaint, Plaintiffs made no attempt to deliver a copy of the summons and complaint to Bassett personally or in his capacity as mayor, even though Plaintiffs served Edgewood as required under Section 44-9-5(C). Although Plaintiffs served the original complaint

8

seemingly without issue, Plaintiffs provide no justification for why they did not serve the first amended complaint before moving for default or partial summary judgment. Plaintiffs' failure is contrary to the clear language of both Rule 1-005(A) and Section 44-9-5(B).

{16}     "Proper service of process is required before a court can exercise jurisdiction over a defendant and render a binding judgment." *Ortiz*, 2008-NMCA-136, ¶ 17. When "the [district] court never acquires jurisdiction over a defendant because of improper service, it abuses its discretion in refusing to set aside a default judgment." *Id.* We hold that the district court abused its discretion by refusing to grant the motion to set aside the default and partial summary judgment because the district court never obtained jurisdiction over Bassett due to Plaintiffs' failure to serve the first amended complaint.

{17}     We find no merit in Plaintiffs' arguments on appeal. Plaintiffs first argue that service of the original complaint alone was sufficient to allow the district court to grant default and partial summary judgment on the first amended complaint. But Plaintiffs were required to serve the first amended complaint before moving for default judgment because Plaintiffs added an additional claim to the complaint. *See* Rule 1-005(A). Moreover, the "amended complaint supersedes and supplants the original complaint." *Est. of Griego ex rel. Griego v. Reliance Standard Life Ins. Co.*, 2000-NMCA-022, ¶ 15, 128 N.M. 676, 997 P.2d 150 (omission, internal quotation

marks, and citation omitted). By amending their complaint to add a claim under FATA against Bassett, Plaintiffs were required to follow the statutory service requirements listed in Section 44-9-5(B). We will not allow service of process here to apply to some, but not all, claims in the complaint. Doing so would promote piecemeal litigation and undermine judicial economy.

{18} Plaintiffs also argue that they were not required to serve Bassett because he had actual notice of the first amended complaint through his office as mayor of Edgewood where he presided over a town meeting discussing Edgewood's legal representation and signed an affidavit to that effect. We disagree. New Mexico has long held that actual knowledge of a lawsuit is not a substitute for service of process. *See, e.g.*, *Rodriguez v. Conant*, 1987-NMSC-040, ¶¶ 10, 22-23, 105 N.M. 746, 737 P.2d 527 (affirming the district court's grant of a motion to set aside a default judgment where the defendant had knowledge of the suit, but was never properly served); *Capco Acquisub, Inc. v. Greka Energy Corp.*, 2008-NMCA-153, ¶¶ 46, 49, 145 N.M. 328, 198 P.3d 354 (reversing a judgment against the defendant when the defendant was never properly served despite the defendant's previous involvement and actual knowledge of the suit); *Ortiz*, 2008-NMCA-136, ¶ 17 (reversing default judgment against the defendant who was never properly served despite the fact that the defendant had actual knowledge of the suit). Rule 1-004(J) allows a plaintiff to seek alternative methods of service. But, the rule requires that a motion be filed

seeking alternate methods. *Id.* The motion must include an affidavit that demonstrates "service cannot reasonably be made as provided by [Rule 1-004]." Rule 1-004(J). The record does not reveal such a motion or affidavit. Indeed, Plaintiffs could not in good faith file such a pleading. Plaintiffs did not argue below, and do not claim on appeal, that they were unable to reasonably serve Bassett; they simply did not do so.

{19}     Finally, we also disagree with Plaintiffs that we can consider Bassett served because Plaintiffs served Edgewood and he "chose to avail himself of the same counsel as [Edgewood]." Although Plaintiffs assert this on appeal, this is not supported in the record. Instead, Plaintiffs argued and the district court found that Bassett was not represented by the same counsel as Edgewood and, further, that he could not benefit from his codefendant's representation.

{20}     Rule 1-005(A) and Section 44-9-5(B) simply cannot be read in a way that excuses Plaintiffs' failure to serve Bassett with the first amended complaint before moving for default and partial summary judgment. Under either, service was required. *See* Rule 1-005(A) (stating "pleadings asserting new or additional claims for relief against them *shall be served upon them*" (emphasis added)); § 44-9-5(B) (stating "*no response* is required from a defendant *until the seal has been lifted and the complaint served*" (emphases added)). The district court's denial of Bassett's motion and reaffirmance of its relief—a finding that he is guilty of malfeasance,

subject to punishment for a misdemeanor criminal offense and removal from office—was premised on a misapprehension of the law. *See Harrison*, 2013-NMCA-105, ¶ 14. Our holding is reinforced by New Mexico's strong preference for a resolution on the merits and not through entry of default judgment. *Ortiz*, 2008-NMCA-136, ¶ 12.

{21} Finally, there is no indication that the district court even considered whether Plaintiffs would suffer any prejudice from a refusal to grant default judgment or from granting relief from the default. The lack of consideration of the question of prejudice is by itself problematic—perhaps sufficiently so to support a finding of abuse standing alone. *See Dyer*, 1982-NMCA-148, ¶ 7.

**CONCLUSION**

{22} For these reasons, we reverse the district court's denial of Bassett's motion to set aside the default and partial summary judgment and remand for further proceedings consistent with this opinion.

{23} **IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge,
retired, sitting by designation.**

**WE CONCUR:**

_____

**MEGAN P. DUFFY, Judge**

_____

**SHAMMARA H. HENDERSON, Judge**

13